**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT DEDMON, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| SHELL EXPLORATION & | § | |
| PRODUCTION COMPANY and SHELL | § | |
| TRADING SERVICES COMPANY, | § | |
| *Defendants.* | § | |

**DEFENDANTS SHELL EXPLORATION & PRODUCTION COMPANY
AND SHELL TRADING SERVICES COMPANY'S NOTICE OF REMOVAL**

Defendants Shell Exploration & Production Company and Shell Trading Services Company (collectively "Shell" or "Defendants") file this their Notice of Removal (the "Notice") pursuant to 28 U.S.C. 1331, 1441, and 1446, and remove the race and color discrimination lawsuit captioned *Robert Dedmon v. Shell Exploration & Production Company and Shell Trading Services Company*, Cause No. 2021-57781, in the 281st Judicial District Court of Harris County, Texas (the "State Court Lawsuit"). In support of this removal, Defendants submit this Notice and respectfully show as follows:

**I.**

1. Plaintiff Robert Dedmon ("Dedmon" or "Plaintiff") filed the State Court Lawsuit on or about September 8, 2021 alleging race and color discrimination against both Defendants under Title VII of the Civil Rights Act of 1964, exclusively. *See* **Exhibit A**. Plaintiff particularly asserts that "[t]he conduct described above shows that the Shell Defendants violated Title VII [42 U.S.C. 2000e et seq.] – by using race and skin color as a motivating factor in job grade and compensation practices." *See* **Exhibit A**, at p. 16.

2.      Defendants first received notice and service of Plaintiff's Original Petition to initiate a lawsuit on September 14, 2021.  *See* **Exhibit D**.  Therefore, this removal is timely because thirty (30) days have not expired since service has taken place.  *See* 28 U.S.C. § 1446(b)(1).

3.      Defendants filed their Answer and Affirmative Defenses on October 11, 2021.  *See* **Exhibit B**.

## II.

4.      Plaintiff's Title VII claim is one over which this Court has original federal question jurisdiction under 28 U.S.C. §1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Thus, Defendants may, and hereby do, remove this case pursuant to 28 U.S.C. §§1441 and 1446.

5.      Removal to the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. §§ 1441(a) and 1446(a), is proper because this district and division embrace the 281st Judicial District Court of Harris County, Texas, the forum in which the removed action was filed and pending.

## III.

6.      In accordance with Local Rule 81, attached hereto as **Exhibit C** is a copy of the docket sheet from the State Court Lawsuit and attached hereto as **Exhibit D** is a complete certified copy of the record obtained in the underlying matter, which includes all executed process, pleadings, and orders in the State Court Lawsuit.[1]

7.      Pursuant to Local Rule 81(6), Defendants provide a list of all counsel of record, including their addresses, telephone numbers and parties represented.  *See* **Exhibit E**.  In addition,

---

[1] Defendants are not aware of any signed orders in the state court proceeding. Additionally, the Harris County District Clerk's office confirmed to counsel for Defendants that the docket sheet attached hereto in Exhibit C constitutes a certified copy of the docket sheet/report for the State Law Case.

in accordance with Local Rule 81(5), Defendants attach an Index of the documents being filed with this Notice of Removal.  *See* **Exhibit F**.

## IV.

8.      Both Defendants file, join in, consent to and sign this Notice of Removal.

## V.

9.      Pursuant to 28 U.S.C. § 1446(d), Defendants will file a copy of this Notice with the 281st Judicial District Court of Harris County, Texas.  Defendants will also provide Plaintiff with written notice of this filing and the notice they will file in the State Court Lawsuit.

Dated: October 14, 2021.

Respectfully submitted,

**EVERSHEDS SUTHERLAND (US) LLP**

By:   /s/ *Marlene C. Williams*

Marlene C. Williams
Texas State Bar No.: 24001872
1001 Fannin, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile:  (713) 654-1301
MarleneWilliams@eversheds-sutherland.com

**ATTORNEYS FOR DEFENDANTS SHELL EXPLORATION & PRODUCTION COMPANY AND SHELL TRADING SERVICES COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 14, 2021, a true and correct copy of the foregoing was served on the following counsel of record via the electronic court filing system and/or in accordance with the Federal Rules of Civil Procedure.

Amy E. Gibson
David L. Wiley
GIBSON WILEY PLLC
1500 Jackson Street, #109
Dallas, Texas 75201-4923
amy@gwfirm.com
david@gwfirm.com
***Attorneys for Plaintiff Robert Dedmon***

/s/ *Marlene C. Williams*

Marlene C. Williams