IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| Robert Dedmon, | § | |
| --- | --- | --- |
| *Plaintiff,* | § | |
| v. | § | No. 4:21-cv-03371 |
| Shell Exploration & Production Company and Shell Trading Services Company, | § | Jury |
| *Defendants.* | § | |

**JOINT DISCOVERY AND CASE MANAGEMENT PLAN**

Pursuant to the Court's Order for Conference and Disclosure of Interested Parties [ECF Doc. 2], and with consideration of the Court Procedures, Initial Discovery Protocols for Employment Cases Involving Adverse Action, and the Scheduling and Docket Control Order [ECF Doc. 3], Plaintiff and Defendants file their Joint Discovery and Case Management Plan.

1. State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended for each party.

The 26(f) conference was held November 12, 2021 via telephone from Houston and Dallas. The parties also communicated before and after the conference to further discuss potential agreements.

**ATTENDEES**

| FOR ROBERT DEDMON<br><br>Amy Gibson<br>David Wiley<br>Amanda Hernandez | FOR SHELL EXPLORATION & PRODUCTION COMPANY AND SHELL TRADING SERVICES COMPANY<br><br>Marlene Williams |
|---|---|

2. List all related cases pending in any other state or federal court. Identify the court and case number. State the relationship.

The parties are not aware of any related cases.

3. Briefly describe what this case is about. Generally state the claims, defenses, and threshold issues that each party will likely assert.

**Robert Dedmon's Position**
This is an unlawful employment practices case. It involves claims under Title VII of the Civil Rights Act of 1964 ("Title VII") for race and color discrimination. The Shell Defendants each have claimed to employ Robert Dedmon. They violated Title VII by using race and skin color as a motivating factor in job grade and compensation practices. They placed Robert Dedmon in a lower level job as to rank, prestige, and pay because he is black. The practice appears to be systemic. On information and belief, the race discrimination extends to bonuses, raises, and job grades.

Requested remedies include (1) injunctive relief to stop practices found to be illegal; (2) six additional forms of equitable relief to be tailored to the problems, deficiencies, and gaps that the evidence shows — intended to remedy the root causes of system failures, (3) past and future lost compensation, (4) emotional

pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, (5) attorneys' fees, costs, prejudgment interest, and postjudgment interest.

Threshold issues for Robert Dedmon include employer status, relationship between defendants, why each defendant has claimed to be the employer.

**Shell Defendants' Position**
Defendants deny Plaintiff's allegations and contend that Plaintiff has been properly compensated and classified, without regard to his race or color, throughout his employment. Defendants deny that Plaintiff has received unequal pay at any time during his employment. Defendants specifically deny that Plaintiff's race and/or color were factors, motivating or otherwise, in any decisions made regarding his employment, including his compensation and job grade/classification. Defendants further deny any systemic practices related to Plaintiff's claims. Defendants further deny that Plaintiff has suffered and is entitled to any damages or other relief in this case.

For Defendants, threshold issues may include timeliness of Plaintiff's claims and statute of limitations issues, standing with respect to Plaintiff's claims regarding alleged systemic practices, and appropriate timeframe for discovery and/or any potential recovery.

4. Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, as Plaintiff brings claims under Title VII. No party disagrees.

5. List any anticipated additional parties. Identify the party who wishes to add them, briefly explain why, and indicate a date by which to do so.

No anticipated additional parties at this time

6. List any anticipated interventions. Briefly explain why.

None

7. Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify and state generally the basis for any opposition.

Not applicable

8. State whether each party represents that it has completed its Rule 26(a) initial disclosures. If not, indicate the date by which each party will do so and describe arrangements in that respect.

Each party represents that he or it has served initial disclosures as modified based on the *Initial Discovery Protocols for Employment Cases Involving Adverse Action*. Due to the nature of Lilly Ledbetter Act pay cases and the timeframe potentially at issue, both parties are continuing to search for responsive information. *See infra* Part 10(e) for agreed modifications to the initial disclosures, subject to court approval.

9. Apart from initial disclosures, specify other discovery served or accomplished to date.

None, other than informal discovery such as informal investigation and witness interviews

10. Describe the proposed agreed discovery plan. At a minimum, include:

    A. Responses to all the matters raised in Rule 26(f), including agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery;

    (a) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made

    *See supra* Part 8. *See infra* Part 10(e), where the parties have listed all agreements for court approval, including modification of disclosures.

(b) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues

*See infra* Part 10(e), where the parties have listed all agreements for court approval, including modification of discovery and phased discovery on attorneys' fees. Discovery subjects largely concern compensation practices, damages, and requested equitable relief.

(c) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced

*See infra* Part 10(e), where the parties have listed all agreements for court approval, including those for electronically stored information.

(d) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502

None. At this time, the parties do not need a procedure to assert privilege claims after production.

(e) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed

**AGREED MODIFICATIONS
SUBJECT TO COURT APPROVAL**

| | |
|---|---|
| modifies LR 7.4 & *Court Procedures* § 17(f) | The deadline to file a response in opposition a dispositive motion shall be 30 calendar days after the filing of such dispositive motion. <br><br> The deadline to file any reply brief shall be 19 calendar days after such response is filed. |

|  | *In the event the Court does not extend the time for *both* responses and reply briefs as indicated here, Defendants request that the default deadlines set forth in the Federal Rules of Civil Procedure and the Local Rules apply. Robert Dedmon requests the 30 day timeframe for all parties to respond to a dispositive motion, regardless of the reply brief deadline. |
|---|---|
| modifies *Initial Discovery Protocols for Employment Cases Involving Adverse Action* | Initial disclosures shall also include (1) a statement of the correct names of parties to this civil action and (2) the name, address, and telephone number of each potentially responsible party who has not already been joined. |
| modifies *Initial Discovery Protocols for Employment Cases Involving Adverse Action* Part 2(3)(a) & Part 3(3)(c)<br><br>The parties believe this modification is more helpful and efficient than efforts to describe the knowledge, as discovery is ongoing and the parties continue to search for responsive information. | The parties shall disclose the identified person's connection to the case but need not disclose the subjects of discoverable information. |
| modifies *Initial Discovery Protocols for Employment Cases Involving Adverse Action* Part 2(2)(g)-(i) & Part 3(2)(m)<br><br>This case involves a current employee. So, the parties agreed to eliminate disclosures unique to termination cases. | The parties need not disclose discovery on post-termination mitigation of damages or potential offset for unemployment benefits. Part 2(2)(g)-(i) & Part 3(2)(m) are eliminated from initial disclosures. |

| | |
|---|---|
| consent to email service | The parties consent to service through email. Email constitutes both service and delivery. Email sent on a given day before midnight local time in Houston, Texas shall be deemed served and delivered that day. |
| modifies FRCP 26(B)(2)(b) [Specific Limitations on Electronically Stored Information] & *Court Procedures* § 13(e) concerning ESI | The parties will initially request and produce documents in .pdf format; however, a party may later request, in writing and without the need for another formal discovery request, the native form of any .pdf document that has been previously produced. The responding/producing party does not waive any objections to the production of documents in native format, including that native format is not reasonably accessible because of undue burden or cost. Within 14 calendar days after receiving a written request for a .pdf document in native format, the producing party will object to the request for documents in native format and will otherwise provide the native format documents to which no such objection is made. In the event the responding/producing party requires additional time to produce any .pdf documents in native format, the parties will work together in good faith on a reasonable timeframe for the production. |

| | |
|---|---|
| modifies *Scheduling and Docket Control Order* Items 3a & 3b as to attorneys' fees | The parties are excused from expert disclosures concerning attorneys' fees and costs, with this exception: They must disclose the name, address, and telephone number of any expert witness on attorneys' fees. |
| modifies scope of pretrial discovery on attorneys' fees and timing of attorneys' fees discovery | Attorneys' fees and costs will be decided pursuant to a discovery and briefing schedule set after jury verdict. |
| modifies the *Scheduling and Docket Control Order* on submission of attorneys' fees evidence through affidavit<br><br>The parties believe an evidentiary hearing is faster, permits examination of witnesses, and gives the witnesses the opportunity to address any questions or concerns the Court may have about the evidence. | Evidence on attorneys' fees and costs will be presented at an evidentiary hearing, but per the briefing schedule addressed above, the parties may request the opportunity to brief issues on attorneys' fees and costs for the Court's consideration. |
| modifies FRCP 26(a)(3) & the *Scheduling and Docket Control Order* Item 7 | The parties need not identify rebuttal witnesses in advance of trial, but will disclose on an agreed schedule during trial, such as end of each day to the extent known at the time.<br><br>The parties need not identify demonstrative exhibits or exhibits to be used solely for impeachment in advance of trial, but will disclose on an agreed schedule during trial, such as end of each day to the extent known at the time.  This does not include demonstratives created on-the-go during a trial day or unanticipated impeachment during a trial day. |

| | |
|---|---|
| modifies LR46<br><br>The parties believe pretrial assert-it-or-lose-it objections to trial exhibits forces assertion of numerous possible objections that are not ultimately urged at trial. Additionally, whether to object to admissibility of a document is usually a decision that is better made in the context of what is happening at the time during trial. | The parties shall confer on admissibility of exhibits to be offered at trial and designate those that may be preadmitted, including those that may be preadmitted for a limited purpose.<br><br>The parties may, but are not required to, object to admissibility of exhibits before trial. |
| clarification | The parties may take separate 30(b)(6) deposition on (1) records and (2) the merits; however, the parties will work together in good faith to schedule depositions in an efficient manner that does not inconvenience the witnesses or unnecessarily extend the time and length of such depositions. |

(f) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

The parties are working on a tailored protective order governing confidential information. The tailored protective order may modify some of the standard provisions, such as allowing third-party witnesses to assert confidentiality, but the parties are working on terms for the protective order and will ensure that the protective order honors the Court's requirement of a motion to seal, per Court Procedures §12(b).

B. When and to whom the plaintiff anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.

Within the next two months, to each defendant; Robert Dedmon's counsel seeks to increase the limit by 28 — one for each of the 28 asserted defenses.

C.  When and to whom the defendant anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.

Defendants anticipate sending interrogatories to Plaintiff within the next 60 to 90 days. Defendants believe the interrogatory limits set forth in Rule 33(a) are appropriate and should apply in this case, but request an equal number of additional interrogatories for any increases provided to Plaintiff.

D.  Of whom and by when the plaintiff anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.

Robert Dedmon's counsel does not currently have an estimate on timing but does anticipate the following order. His counsel anticipates 30(b)(6) depositions of defendants on documents [existence, location, how maintained, ease of access, etc.]. His counsel then anticipates 30(b)(6) depositions of defendants on the merits and then depositions of potential witnesses who are outside subpoena range for trial. Although there may be limited other depositions, the preference is to examine most witnesses for the first time at trial to the extent those witnesses are within subpoena range for trial.

His counsel prefers a time limit on depositions of up to 60 hours rather than 10 witnesses at up to 7 hours each. This suggestion is not intended to permit any deposition of one individual or entity lasting more than 7 hours.

E.  Of whom and by when the defendant anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.

Defendants anticipate deposing Plaintiff within the next 60 to 90 days. Defendants also anticipate taking depositions of fact witnesses identified in discovery by Plaintiff and/or Defendants. Defendants believe that the deposition limit and time limits set forth in Rule 30(a)(2)(A) should apply to depositions in this case.

F.  When the plaintiff (or the party with the burden of proof on an issue) can designate experts and provide Rule 26(a)(2)(B) reports, and when the opposing party can designate responsive experts and provide their reports.

The parties agree to the deadlines in the *Scheduling and Docket Control Order*.

G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.

Currently unknown. Robert Dedmon's counsel evaluates whether to depose an opposing exert after receiving the expert report. His counsel does not always depose an opposing expert. His counsel does not currently anticipate the need to depose his own experts.

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date.

Defendants anticipate deposing Plaintiff's designated expert witnesses before the close of discovery and/or any expert discovery deadline.

11. State the date by which the parties can reasonably complete the planned discovery.

The parties agree to the deadlines in the *Scheduling and Docket Control Order*.

12. If the parties disagree on any part of the discovery plan, describe the separate views and proposals of each party.

**dispositive motion deadline**
Robert Dedmon's counsel requests a limited adjustment to the Scheduling and Docket Control Order. His counsel requests that the dispositive motion deadline be moved to 31 days before the discovery deadline — Friday, 09/24/22. This saves attorneys' fees and costs because it avoids this common situation: a possible dispositive motion drives numerous depositions of witnesses that would otherwise not be deposed and would instead be presented at trial. This change allows a party to limit depositions and instead take limited depositions after seeing the evidence presented in a dispositive motion.

Defendants are opposed to setting the dispositive motions deadline before the discovery deadline and requests that the Court follows its standard practice of setting the discovery deadline prior to the dispositive motions deadline. Plaintiff's request for the dispositive motions deadline prior to the discovery deadline injects unnecessary complexity and uncertainty to the schedule, creates an unfair advantage to responding parties, risks delay and potentially extends the dispositive motions process, which also impacts the remainder of the case schedule.

13. Discuss the possibilities for a prompt settlement or resolution of the case at your Rule 26(f) meeting. Identify such possibilities. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.

The parties did discuss, more than once, the possibility of prompt resolution. They do not believe this case can be promptly settled or resolved prior to some additional discovery. They have agreed to assess the possibility for resolution after some additional discovery is completed. As to earlier efforts, the parties went through the EEOC process, which gave the EEOC more than 6 months to investigate and engage in conciliation efforts.

14. Counsel to each party must discuss with their client the alternative dispute resolution techniques that are reasonably suitable to this case. Identify such potential techniques. State when the parties may effectively use any such technique.

voluntary mediation;

This modifies Court Procedures § 17(c) and *Scheduling and Docket Control Order* Item No. 6. The parties prefer that any mediation or settlement conference be voluntary rather than court-ordered. At this time, whether and when mediation or settlement conference might be effectively used in this case is unknown. The parties are sensitive to the time the Court spends deciding dispositive motions, the time the Court and jury spend on jury trials, and the costs associated with jury trials. The parties will not waste that time or money. If the parties believe the case can be settled but needs mediation or settlement conference with the Magistrate Judge, they will make every effort to schedule mediation or a settlement conference (1) before the submission date

for the first summary judgment motion or (2) after rulings on summary judgment but before summons go out to individuals for jury service (if there is a ruling before those summons go out).

15. A Magistrate Judge of this Court may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before the Magistrate Judge.

The parties do not consent to trial before a magistrate judge.

16. Identify any party that has made a jury demand and whether it was timely.

Robert Dedmon made a timely jury demand.

17. Specify the number of hours it will likely take to present the evidence at trial in this case.

At this time, the parties estimate it will take 40 hours to present the evidence in this case. This is specific to evidence and excludes jury selection, opening, charge conference, jury breaks, closing, and jury deliberation.

18. List pending motions the Court could resolve at the initial pretrial conference.

No pending motions

19. List other pending motions.

None

20. List all other matters that deserve attention of the Court at the initial pretrial conference.

This is not specific to this case, but the parties would appreciate learning about any preferences or pet peeves beyond the federal rules, local rules, court procedures, and attorney professionalism that would make life easier for the Court, which includes law clerks and court staff.

21. Complete and attach a proposed scheduling and docket control order where necessary to suggest modifications to the Court's standard order. Clearly indicate any disagreements with reasons in support of the requests made.

*See supra* Parts 10(e) & 12.

22. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.

Robert Dedmon filed his Disclosure on November 10, 2021. Defendants filed their Disclosure on November 24, 2021.

23. If the case involves an unincorporated entity as a party, such as an LLC or LLP, state the citizenship of every member. As an attachment to this joint filing, such party must file an affidavit or declaration establishing the citizenship of every member.

Not applicable.

24. List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.

See below.

Respectfully submitted,

| */s/ Amy Gibson* | */s/ Marlene C. Williams* |
|---|---|
| Ms. Amy E. Gibson<br>Attorney-in-Charge<br>Texas State Bar No. 00793801<br>Southern District Bar No. 20147<br>amy@gwfirm.com<br><br>Mr. David L. Wiley<br>Of Counsel<br>Texas State Bar No. 24029901<br>Southern District Bar No. 34134<br>david@gwfirm.com<br><br>Gibson Wiley PLLC<br>1500 Jackson Street #109<br>Dallas, Texas 75201-4923<br>T: (214) 522-2121<br>F: (214) 522-2126<br><br>*and*<br><br>Ms. Amanda C. Hernandez<br>Of Counsel<br>Texas State Bar No. 24064411<br>Southern District Bar No. 1531045<br>amanda@ahfirm.com<br><br>AH Law, PLLC<br>5718 Westheimer, Suite 1000<br>Houston, Texas 77057<br>T: (713) 588-4359<br>F: (281) 572-5370<br><br>*Attorneys for Robert Dedmon* | Ms. Marlene C. Williams<br>Attorney-in-Charge<br>Texas State Bar No. 24001872<br>Federal ID No. 22824<br>MarleneWilliams@eversheds-sutherland.com<br><br>Eversheds Sutherland (US) LLP<br>1001 Fannin, Suite 3700<br>Houston, Texas 77002<br>T: (713) 470-6100<br>F: (713) 654-1301<br><br>*Attorneys for Shell Defendants* |