UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT DEDMON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-03371 |
| | § | |
| SHELL EXPLORATION & PRODUCTION | § | JURY DEMAND |
| COMPANY AND SHELL TRADING | § | |
| SERVICES COMPANY, | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANTS SHELL EXPLORATION & PRODUCTION COMPANY AND SHELL TRADING SERVICES COMPANY'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Shell Exploration & Production Company and Shell Trading Services Company (collectively "Defendants") file this Answer and Affirmative Defenses to Plaintiff's First Amended Complaint and respectfully show the Court as follows:

### INTRODUCTION

1. Defendants admit that Plaintiff alleges unlawful employment practices for race and color discrimination under Title VII and Section 1981, as alleged in paragraph 1 of the Complaint. Defendants deny that they engaged in any unlawful employment practices against Plaintiff, including race and color discrimination, deny any liability in this matter, and deny that Plaintiff is entitled to any relief in this case.

2. Paragraph 2 of the Complaint purports to describe the purpose of Title VII and, therefore, does not require a response. To the extent a response is warranted, Defendants deny that they violated Title VII, deny that Plaintiff is entitled to any relief under Title VII, and deny the remaining allegations contained in paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint purports to describe the purpose of Section 1981 and, therefore, does not require a response. To the extent a response is warranted, Defendants deny that they violated Section 1981, deny that Plaintiff is entitled to any relief under Section 1981, and deny the remaining allegations contained in paragraph 3 of the Complaint.

## PARTIES

4. Defendant Shell Exploration & Production Company admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant Shell Trading Services Company admits the allegations contained in paragraph 5 of the Complaint.

6. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 6 of the Complaint and, therefore, deny same.

## JURISDICTION

7. Defendants admit that the Court has subject matter jurisdiction in this case, as alleged in paragraph 7 of the Complaint.

8. Defendants admit that Court has personal jurisdiction over them, but deny that both defendants should be parties in this case. Defendants deny the remaining allegations contained in paragraph 8 of the Complaint.

## VENUE

9. Defendants admit that venue is proper in this district but deny that they committed any unlawful employment practices, as alleged in paragraph 9 of the Complaint.

10. Defendants admit that venue is proper in this district but deny that they committed any unlawful employment practices, as alleged in paragraph 10 of the Complaint

## ABRREVIATED BACKGROUND[1]

11.    Defendants admit the allegations contained in paragraph 11 of the Complaint.

12.    Defendants admit they are separate and distinct entities that are part of a global group of energy and petrochemical companies. Defendants admit that they each operate separately from Houston, Texas and that they utilize the Shell trade name and trademark 🐚 in their respective businesses. Defendants deny the remaining allegations contained in paragraph 12 of the Complaint.[2]

13.    Defendants are unable to verify the image depicted and described in paragraph 13 of the Complaint because Plaintiff failed to provide a link to access and verify the source and authenticity of the image. Moreover, the image appears to relate to operations conducted by entities that are not party to this lawsuit and, therefore, Defendants are without sufficient information to respond the image and allegations contained in paragraph 13 of the Complaint to the extent they purport to describe operational activities of third parties not involved in this lawsuit. Defendants deny the remaining allegations contained in paragraph 13 of the Complaint.

14.    Defendants admit that their respective operations in the United States have included Human Resource policy manuals and compensation teams, but deny the remaining allegations contained in paragraph 14 of the Complaint.

15.    Defendants deny the allegations contained in paragraph 15 of the Complaint,

---

[1] Throughout his Complaint, Plaintiff includes a number of images he claims to have obtained from various Shell websites. Links to the website sources do not appear to be provided or embedded in the copy of Plaintiff's Complaint Defendants received. Because links do not appear to be provided to access and verify the authenticity of the images, and because the images do not constitute actual allegations, do not reflect substantive content regarding Plaintiff's allegations, and appear to be superfluous and merely ornamental, Defendants do not specifically respond to the images themselves but rather to Plaintiff's specific allegations, as required under the FEDERAL RULES OF CIVIL PROCEDURE.

[2] Plaintiff's Complaint appears to broadly define "Shell" to refer to and allege policies, practices, and/or other actions by the so-called "Shell organization of Companies" and, presumably, other Shell entities that are not parties to this lawsuit. Defendants do not undertake to answer on behalf of a "Shell organization of companies" or other non-parties to this lawsuit, and their answers should not be construed to do so.

including that they have any history of bias against Black employees in the United States.[3]

16. Defendants deny that they "know[], or should know, about" any history of the unnamed individual to whom Plaintiff refers in paragraphs 15 and 16 of the Complaint, or any other history described in paragraphs 15 and 16 of the Complaint. Defendants are without sufficient information to admit or deny any reports made or not made by "Shell" (*i.e.*, the so-called "Shell organization of companies" that are not parties to this lawsuit but about whom Plaintiff makes various assertions). Defendants admit that they do not make "public" any reports of the number of Black employees at different job levels in the United States or the comparative compensation for Black employees, as alleged in the last two sentences of paragraph 16 of the Complaint. Defendants deny the remaining allegations contained in paragraph 16 of the Complaint.

17. Defendants admit that they are each committed to diversity and inclusion and ensuring that performance matches words with respect to diversity and inclusion values. Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 17 of the Complaint because they again refer to "Shell" generally and not to the two Defendants at issue in this case.[4]

18. Defendants admit that they are each committed to equity and racial justice, but deny that they discriminated against Plaintiff as alleged in this lawsuit, and further deny that a public or other commitment to racial inequality and systemic injustice indicates any specific wrongdoing on

---

[3] Like other parts of the Complaint, Plaintiff alleges comments and conduct by individuals who, though apparently known to Plaintiff, Plaintiff chose not to identify in his Complaint. Defendants are obviously not in a position to fully respond to allegations or conduct by anonymous sources and, for those additional reasons, deny allegations in the Complaint regarding unnamed individuals.

[4] Paragraph 17 once again includes an image without a link to access or verify its authenticity, and refers generally to the "Shell organization of companies." Defendants do not undertake to answer on behalf of a "Shell organization of companies" or other non-parties to this lawsuit, and their answers should not be construed to do so.

Defendants' parts, including with respect to Plaintiff. Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 18 of the Complaint because they again refer to "Shell" generally and not to the two Defendants at issue in this case.[5]

19. Defendants deny any pay disparity for their respective Black employees or for other minority or ethnic groups within their respective companies and deny that the report from another jurisdiction (here, the United Kingdom) reflects relevant data regarding the two Defendants in this lawsuit or Plaintiff's claims. Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 19 of the Complaint because they again refer to information regarding a non-party, this time "Shell UK," and not to the two Defendants at issue in this case.[6]

20. Defendants deny any pay disparity for their Black employees within their respective companies and deny that the report from another jurisdiction reflects relevant data regarding the two Defendants in this lawsuit or Plaintiff's claims. Defendants admit that they have not published any pay disparity reports for their respective employees (and, again, specifically deny any pay disparity for their respective employees). Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 20 of the Complaint because they again refer to information regarding a non-party, this time "Shell UK," and not to the two Defendants at issue in this case.[7]

---

[5] Like other paragraphs throughout the Complaint, Plaintiff refers generally to the "Shell organization of companies." Defendants do not undertake to answer on behalf of a "Shell organization of companies" or other non-parties to this lawsuit, and their answers should not be construed to do so.

[6] Like other paragraphs throughout the Complaint, Plaintiff includes an image without a link to access or verify the authenticity of the images, and refers generally to the "Shell organization of companies" and now specifically to "Shell UK." Defendants do not undertake to answer on behalf of a "Shell organization of companies," or "Shell UK," or other non-parties to this lawsuit, and their answers should not be construed to do so.

[7] Like other paragraphs throughout the Complaint, Plaintiff includes an image without a link to access or verify the authenticity of the images, and refers generally to the "Shell organization of companies" and now specifically to "Shell UK." Defendants do not undertake to answer on behalf of a "Shell organization of companies," "Shell UK," or other non-parties to this lawsuit, and their answers should not be construed to do so.

21. Paragraph 21 purports to describe the history and purpose of the Lilly Ledbetter Fair Pay Restoration Act and, therefore, does not require a response. To the extent a response is required, Defendants admit that they are aware of the Lilly Ledbetter Fair Pay Restoration Act but deny that they violated the Act in any respect. Defendants are without sufficient information to admit or deny allegations what "Shell" generally knows or should know. Defendants deny the remaining allegations contained in paragraph 21 of the Complaint, including that there is any "reality" that Defendants have engaged in or hidden any pay discrimination.

22. Paragraph 22 purports to describe the Lilly Ledbetter Fair Pay Restoration Act and, therefore, does not require a response. To the extent a response is required, Defendants deny that they violated the Act in any respect and deny the remaining allegations contained in paragraph 22 of the Complaint.

23. Paragraph 23 purports to describe the history of the Lilly Ledbetter Fair Pay Restoration Act and, therefore, does not require a response. To the extent a response is required, Defendants are without sufficient information to admit or deny the extent to which the Act was "widely publicized" to employers and others, or the extent to which employers generally received advice about document retention, or the extent to which an unnamed employer-side law firm made recommendations about document retention under the Act, and therefore deny these allegations. Defendants deny the remaining allegations contained in paragraph 23 of the Complaint.

24. Defendants admit that they each use job grades with salary ranges for their respective employees in the United States. Defendants also admit that, within their respective systems, a lower job grade number generally indicates a higher job grade position. Defendants are without sufficient information to admit or deny allegations in paragraph 24 about job grades and salary ranges at "Shell" generally, and deny the remaining allegations contained in paragraph 24

of the Complaint.

25.   Defendants admit that a job opening for a Houston, Texas sales job was posted in or around 2014.  Defendants deny the remaining allegations contained in paragraph 25 of the Complaint.

26.   Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.   Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.   Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.   Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.   Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.   Defendants deny the allegations contained in paragraph 31 of the Complaint, including that Plaintiff was started at a lower pay range or lower job grade because he is Black or that there were conversations or decisions to start Plaintiff at a lower pay range or lower job because he is Black.

32.   The majority of paragraph 32 of the Complaint purports to describe guidance from the Society for Human Resource Management ("SHRM") on conducting workplace investigations and, therefore, does not require a response.  To the extent a response is necessary, Defendants are without sufficient information to admit or deny the contents of guidance provided by SHRM—an unrelated third party—regarding practices for conducting investigations and, therefore, deny same. Defendants deny the remaining allegations contained in paragraph 32 of the Complaint.

33.   Defendants deny the allegations contained in paragraph 33 of the Complaint, including that any such report was made that warranted an investigation or interview of Plaintiff.

34.   Defendants admit that they do not have records of any alleged complaint or investigation.  Defendants deny the remaining allegations contained in paragraph 34 of the

Complaint.

35. Defendants admit that Plaintiff is a current employee and has reached job grade 5, but deny that "the Shell Defendants" employed or continue to employ him. Defendants deny the remaining allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants are without sufficient information to admit or deny alleged conversations between Plaintiff and an unnamed hiring manager and, therefore, deny same. Defendants deny the remaining allegations contained in paragraph 37 of the Complaint, including that there was a "downgrade because of [Plaintiff's] race".

38. Defendants admit, upon information and belief, that Plaintiff filed a charge with the EEOC making various allegations regarding his job grade and pay, but deny that the charge was timely and deny the remaining allegations contained in paragraph 38 of the Complaint.

39. Defendants admit that a response to Plaintiff's charge was submitted to the EEOC and it indicated that certain records and alleged witnesses were not located or available. Defendants admit that the response submitted to the EEOC reflects that Plaintiff's allegations are without merit. Defendants deny the remaining allegations contained in paragraph 39 of the Complaint.

40. Defendants admit that Plaintiff is currently a job grade 5 but deny the remaining allegations contained in paragraph 40 of the Complaint.

41. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 41 of the Complaint, including regarding the alleged departure of an unnamed team member and unidentified positions, and, therefore, deny same.

42. Defendants are without sufficient information to admit or deny the allegations

contained in paragraph 42 of the Complaint, including regarding alleged private conversations between or among unnamed individuals and alleged vacant positions that are not identified and, therefore, deny same.

43. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 43 of the Complaint, including regarding alleged unnamed team members and unidentified positions, and, therefore, deny same.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint, including allegations that Plaintiff's race or any alleged "historical discrimination" factored into any employment decisions made regarding Plaintiff.

45. The first sentence of paragraph 45 of the Complaint contains a legal opinion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in the first sentence of paragraph 45 of the Complaint. Defendants deny the remaining allegations contained in paragraph 45 of the Complaint.

46. Defendants admit the allegations contained in the last two sentences of paragraph 46 of the Complaint, but deny the remaining allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants admit, upon information and belief, that Plaintiff filed a charge of discrimination with the EEOC and that the EEOC issued a right to sue letter to Plaintiff at some point. Defendants deny the remaining allegations contained in paragraph 49 of the Complaint, including that Plaintiff's race factored into any employment decisions.

50. Paragraph 50 of the Complaint includes various legal opinions about Section 1981,

Title VII and the exhaustion of administrative remedies and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint includes various legal opinions about Title VII, the Lily Ledbetter Fair Pay Act, Section 1981, and the statute of limitations and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants admit that they are each an equal opportunity employer, but deny the remaining allegations contained in paragraph 53 of the Complaint.

54. Defendants admit that they do not have records of an alleged complaint and/or investigation. Defendants deny the remaining allegations contained in paragraph 54 of the Complaint, including that there was any race discrimination or any allegation of race discrimination.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint includes legal opinions about equitable tolling and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint includes legal opinions about the discovery rule and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants admit that they are each an equal opportunity employer. Defendants deny that race plays a role in rank, prestige and compensation for their respective employees, and

further deny that there is anything to "admit" to their employees (because race does not play a role), as alleged in paragraph 58 of the Complaint. Defendants deny the remaining allegations contained in paragraph 58 of the Complaint, including that there is any "evidence of injury" in this case.

59. The first sentence of paragraph 59 of the Complaint includes legal opinions about the continuing tort doctrine and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations contained in the first sentence of paragraph 59 of the Complaint. Defendants deny the remaining allegations contained in paragraph 59 of the Complaint.

60. The first sentence of paragraph 60 of the Complaint includes legal opinions about fraudulent concealment and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations contained in the first sentence of paragraph 60 of the Complaint. Defendants deny the remaining allegations contained in paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Complaint.

### CLAIM FOR RELIEF [TITLE VII]:
### Race and Color Discrimination

62. Defendants incorporate their responses to the background and coverage allegations here.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

### CLAIM FOR RELIEF [Section 1981]:
### Race and Color Discrimination

65. Defendants incorporate their responses to the background and coverage allegations

here.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

## EQUITABLE RELIEF

68. The first sentence of paragraph 68 of the Complaint opines about the role of private plaintiffs and their lawyers, generally, in cases alleging unlawful employment practices, and does not require a response. To the extent a response is require, Defendants deny the first sentence of paragraph 68 of the Complaint. Defendants deny the remaining allegations contained in paragraph 68 of the Complaint.

## PUNITIVE DAMAGES

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

## ATTORNEYS' FEES

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

## CONDITIONS PRECEDENT

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

## JURY DEMAND

72. Paragraph 72 of the Complaint contains Plaintiff's jury demand and does not require a response.

## REMEDIES REQUESTED

73. Defendants deny the allegations contained in paragraph 73 of the Complaint and all its subparts, including subparts A through H, and specifically deny that Plaintiff is entitled to any relief in this case.

## AFFIRMATIVE AND OTHER DEFENSES

By way of further answer, if such be necessary, Defendants assert the following affirmative and other defenses:

### FIRST DEFENSE

Defendants state that Plaintiff's claims are barred, in whole or in part, because he fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants state that Plaintiff's claims are barred, in whole or in part, because he lacks standing to assert them. Defendants further state that they are not liable and Plaintiff is not entitled to any relief in this case because Plaintiff's claims are speculative.

### THIRD DEFENSE

Defendants state that Plaintiff's claims are barred, in whole or in part, by applicable statute of limitations.

### FOURTH DEFENSE

Defendants state that Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, were caused by his own conduct or the conduct of others over whom Defendants exercised no control.

### FIFTH DEFENSE

Defendants state that their actions were not a contributing, proximate, or producing cause of Plaintiff's damages, if any.

### SIXTH DEFENSE

Defendants state that Plaintiff's claims are barred, in whole or in part, because Defendants at all times acted in good faith, without malice, and without intent to deprive Plaintiff of any legally

protected right(s). Further, Defendants state that they had reasonable grounds for believing that their acts and/or omissions did not violate any law.

### SEVENTH DEFENSE

Defendants state that Plaintiff's claims are barred, in whole or in part, because of his failure to exhaust administrative remedies and/or because the court lacks jurisdiction over his claims.

### EIGHTH DEFENSE

Defendants state that they are not liable to Plaintiff, and Plaintiff's claims are barred in whole or in part, because of Plaintiff's failure to perform conditions precedent.

### NINTH DEFENSE

Defendants state that they are not liable to Plaintiff because Plaintiff did not suffer any damages (including any emotional, psychological or physical damages), and/or did not make reasonable efforts to mitigate his damages, if any. Moreover, Defendants state that Plaintiff's damages, if any, are speculative, hypothetical and uncertain. Defendants state that Plaintiff's damages, if any, are attributable to causes wholly independent of Defendants' actions.

### TENTH DEFENSE

Defendants state that Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and unclean hands. Moreover, Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with one or more dispute resolution procedures that are applicable to his claims in this case.

### ELEVENTH DEFENSE

Defendants state that Plaintiff's claims are barred, in whole or in part, because he has not met the necessary procedural requirements for filing suit on one or more of his claims, including applicable charge filing requirements.

**TWELFTH DEFENSE**

Defendants state that Plaintiff's claims for punitive and/or exemplary damages are barred because they violate and are not viable under the Texas and U.S. Constitutions and/or applicable law. Defendants further state that Plaintiff's Complaint fails to set forth sufficient facts to support an award for compensatory, actual, liquidated, exemplary and/or punitive damages. Moreover, Defendants state that an award of punitive or exemplary damages, if any, would be improper because Defendants have policies providing for equal employment opportunity and prohibiting discrimination, and has made good faith efforts to comply with all applicable laws at issue. Further, to the extent Plaintiff experienced any discrimination, which is denied, Defendants are not vicariously liable for such actions because those actions would have been contrary to Defendants' good faith efforts to comply with all applicable laws prohibiting discrimination.

**THIRTEENTH DEFENSE**

Defendants are not liable to Plaintiff for the relief requested, including for attorneys' fees, prejudgment interest and/or costs. Defendants further state that Plaintiff's claims and damages, if any, are capped and/or limited by law and are subject to statutory exclusions and limitations under the law.

**FOURTEENTH DEFENSE**

Defendants state that Plaintiff's claims are barred, in whole or in part, by res judicata and/or collateral estoppel.

**FIFTEENTH DEFENSE**

Defendants state that Plaintiff's claims are barred, in whole or in part, because any adverse action taken against Plaintiff was for legitimate, non-discriminatory reasons. Moreover, each and all of Defendants' employment practices regarding Plaintiff were job-related and consistent with

business necessity, and no protected characteristic of Plaintiff, including Plaintiff's race and/or color, was a factor, motivating or otherwise, in any employment decisions or actions regarding Plaintiff's employment. In the alternative, if such is necessary, Defendants would have made the same decisions and taken the same actions regarding Plaintiff's employment regardless of any other factors. Defendants further state that Plaintiff did not suffer an adverse employment action for one or more of his claims.

### SIXTEENTH DEFENSE

Defendants state that Plaintiff's alleged damages, including any alleged compensatory and/or punitive damages, are limited and capped by law.

### SEVENTEENTH DEFENSE

Defendants state that Plaintiff is precluded from claiming any lost wages for any period in which he was incapacitated and/or unable to work.

### EIGHTEENTH DEFENSE

To the extent Plaintiff has received any compensation since the occurrence of any alleged adverse employment action, Defendants assert an offset for those amounts received by Plaintiff.

### NINETEENTH DEFENSE

Defendants state that Plaintiff's claims are barred, in whole or in part, because Plaintiff did not receive unequal compensation and has not suffered an adverse action.

### TWENTIETH DEFENSE

Defendants state that they did not have the requisite intent or state of mind to commit any of the acts alleged in Plaintiff's Complaint, and it did not act willfully, recklessly, in bad faith, or maliciously.

### TWENTY-FIRST DEFENSE

Defendants state that Plaintiff's claims are barred, in whole or in part, because Defendants

had in place and enforced policies prohibiting discrimination.

### TWENTY-SECOND DEFENSE

Defendants state that Plaintiff's claims are barred, in whole or in part, because Defendants took reasonable care to prevent and promptly correct any discriminatory behavior and/or Plaintiff unreasonably failed to avoid harm or take advantage of the preventative and/or corrective measures of Defendants.

### TWENTY-THIRD DEFENSE

Defendants state that Plaintiff's claims are barred, in whole or in part, because Defendants did not aid, abet, ratify, incite or otherwise coerce any unlawful conduct.

### TWENTY-FOURTH DEFENSE

Defendants state that Plaintiff's claims are barred, in whole or in part, or should otherwise be offset, by the after-acquired evidence doctrine.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims fails, in whole or in part, because his claims are particular to Plaintiff and he has not identified any specific policies or practices that have adversely or disproportionately affected Plaintiff or others, nor has he identified any protected groups who have experienced any adverse or disproportionate effects of any alleged policies or practices, nor has he identified any sufficient feasible and/or reasonable alternative practices that would have produced different results. Moreover, Plaintiff has not stated a sufficient claim for equitable relief in this case and is not entitled to any equitable relief in this case.

### TWENTY-SIXTH DEFENSE

Defendants state that they hereby reserve the right to bifurcate the determination of punitive and/or exemplary damages, if any, from the other issues in the trial of this case, as well as to

exclude evidence of its net worth from being introduced and/or admitted during the liability phase of any trial.

## TWENTY-SEVENTH DEFENSE

Plaintiff's suit is frivolous, unreasonable, or without foundation, and, as a result, Defendants are entitled to recover its costs and attorneys' fees from Plaintiff. Moreover, Defendants state that one or more of the Defendants was not Plaintiff's employer/a covered employer, and is not a proper party to this lawsuit.

## TWENTY-EIGHTH DEFENSE

Defendants assert the defense of election of remedies.

Defendants hereby reserve the right to assert additional affirmative or other defenses as evidence is developed in this matter. Defendants also reserve the right to assert additional matters by way of counterclaim or equitable offset as evidence is developed in this matter, and to pursue all other remedies available to them in response to and/or defense of Plaintiff's claims.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

/s/ *Marlene C. Williams*
Marlene C. Williams
Federal Id. No.: 22824
Texas State Bar No.: 24001872500
500 Dallas St., Suite 3000
Houston, TX 77002
713-655-0855
713-655-0020 (Fax)
marlene.williams@gletree.com

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 2, 2022 a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will provide notification of this filing to all known attorneys of record.

    Amy E. Gibson Attorney-in-Charge
    amy@gwfirm.com
    David L. Wiley Of Counsel
    david@gwfirm.com
    Gibson Wiley PLLC
    1500 Jackson Street #109
    Dallas, Texas 75201-4923
    T: (214) 522-2121
    F: (214) 522-2126

    and

    Amanda C. Hernandez Of Counsel
    amanda@ahfirm.com
    AH Law, PLLC
    5718 Westheimer, Suite 1000
    Houston, Texas 77057
    T: (713) 588-4359
    F: (281) 572-5370

**ATTORNEYS FOR ROBERT DEDMON**

                                                      /s/ *Marlene C. Williams*
                                                      Marlene C. Williams