IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Robert Dedmon, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § § § | No. 4:21-cv-03371 |
| | § | |
| Shell Exploration & Production Company and Shell Trading Services Company, | § § § § § | Jury |
| *Defendants.* | § | |

JOINT MOTION TO MODIFY THE SCHEDULING ORDER

### I.   NATURE AND STAGE OF PROCEEDING

This is an unlawful employment practices case. The current scheduling order sets forth the following pending deadlines:

02/14/2023   Deadline for joint pretrial order and motions *in limine*

03/20/2023   Docket call

### II.   ISSUE & FACTS RELEVANT TO MOTION

The issue before the court is whether to grant the parties' request to modify the initial scheduling order. The parties seek additional time because they have been unable to complete any witness depositions due to scheduling conflicts. The parties also need

additional time to fully complete their written discovery and document production obligations.

### III.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 16(b)(4) a scheduling order may be modified with good cause and the judge's consent. Whether to modify a scheduling order is ultimately a matter within the trial court's discretion. *See S&W Enters., LLC. v. S. Trust Bank of Ala., NA,* 315 F.3d 533, 536 (5th Cir. 2003). Refusal to modify the scheduling order is reviewed under an abuse of discretion standard. *Id.*

### IV.   ARGUMENT AND AUTHORITY

The Fifth Circuit utilizes four factors to determine whether good cause exists for modification of a scheduling order: (1) the explanation for the need for the requested modification; (2) the importance of obtaining the modification; (3) potential prejudice in allowing the modification; and (4) whether the court may cure such prejudice through an appropriate continuance. *See id.*

Both parties have been diligent in pursuing written discovery. Each side has served interrogatories and requests for productions, and plaintiff has served requests for admission. Nonetheless, required production under both the Court's *Initial Discovery Protocols for Employment Cases,* and under the requests for production remains outstanding. As Defendants have previously noted, this is due in part to the large number of years that this case spans (nearly ten years). Further, due to conflicting schedules,

outstanding production, and protective order discussions, neither party has been able to depose any witness. Extending the scheduling order would be essential to both parties, in order to complete discovery, file relevant dispositive motions, and fully prepare for trial. Because this is a joint motion, there is no risk of prejudice to either party, and all parties seek that the remaining deadlines be continued, which encompasses the last factor.

### V.  CONCLUSION & RELIEF REQUESTED

In light of the additional discovery that is needed, the Parties respectfully request that the Court grant this Joint Motion and enter an amended scheduling order setting the following deadlines:

02/10/2022:  Motions for Leave to Amend Pleadings

05/09/2023:  Experts (other than attorneys' fees) – party with burden of proof designation

06/08/2023:  The opposing party to designate expert witnesses

07/25/2023:  Completion of discovery

08/29/2023:  Dispositive and nondispositive motions deadline (except for motions *in limine*)

10/13/2023:  Mediation or settlement conference before magistrate judge

11/14/2023:  Deadline for joint pretrial order and motions *in limine*

12/04/2023:  Docket call

A proposed scheduling order reflecting the above deadlines is attached. This continuance is not sought for purposes of delay but so that justice may be done.

        Respectfully submitted,

*/s/ Amanda Hernandez*
Ms. Amy E. Gibson
Attorney-in-Charge
Texas State Bar No. 00793801
Southern District Bar No. 20147
amy@gwfirm.com

Mr. David L. Wiley
Of Counsel
Texas State Bar No. 24029901
Southern District Bar No. 34134
david@gwfirm.com

Gibson Wiley PLLC
1500 Jackson Street #109
Dallas, Texas 75201-4923
T: (214) 522-2121
F: (214) 522-2126

*and*

Ms. Amanda C. Hernandez
Of Counsel
Texas State Bar No. 24064411
Southern District Bar No. 1531045
amanda@ahfirm.com

AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
T: (713) 588-4359
F: (281) 572-5370

*Attorneys for Robert Dedmon*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ *Marlene C. Williams*
Marlene C. Williams
Attorney-in-Charge
S.D. Tex. No. 22824
Texas Bar No. 24001872
marlene.williams@ogletree.com
500 Dallas Street, Suite 3000
Houston, Texas 77002
Telephone: (713) 655-0855
Facsimile: (713) 655-0020

*Attorneys for Shell Defendants*

### CERTIFICATE OF COMPLIANCE

The following is based on the word-count tool in the most current version of Microsoft® Word for Mac. The undersigned certifies that the foregoing motion contains 782 words, *including* the case caption, the signature block, and all certificates.

/s/ *Amanda Hernandez*
Amanda C. Hernandez

### Certificate of Service

The undersigned certifies that on January 20, 2023, she served this document as follows:

<u>Via CM/ECF SYSTEM</u>

Ms. Marlene C. Williams
marlene.williams@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Dallas Street #3000
Houston, Texas 77002
T: (713) 655-5769

*Attorneys for Shell Defendants*

*/s/ Amanda Hernandez*

Amanda C. Hernandez