UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Robert Dedmon, | § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 4:21-cv-03371 |
| vs. | § § | Jury Demand |
| Shell Exploration & Production Company and Shell Trading Services Company, | § § § § § | |
| *Defendants*. | § | |

## JOINT AGREED MOTION TO MODIFY SCHEDULING ORDER
### [MOTIONS AND MEDIATION DEADLINES ONLY]

### NATURE AND STAGE OF PROCEEDING

**Case alleging national unlawful employment practice and ongoing discrimination.** This is an unlawful employment practices case. It involves a current employee's claims for race and color discrimination. It alleges a national unlawful pay practice dating back to at least 2014 and ongoing discrimination concerning pay and promotion. The first amended complaint filed February 15, 2022 [ECF Doc. 14] includes new allegations of discrimination that post-date this case filing. The Shell Defendants dispute all of these allegations and assert a number of defenses related to the claims.

**Discovery deadline agreement.** Per the September 7, 2023 Amended Scheduling Order [ECF Doc. 23], the parties may by agreement continue discovery beyond the scheduling order deadline, which was December 19, 2023. The parties previously agreed to extend the December 19, 2023 discovery deadline with no final end date while the parties continue to work together on discovery issues.

**Other deadlines.** The September 7, 2023 Amended Scheduling Order [ECF Doc. 23] has the following pending deadlines:

1. January 30, 2024 dispositive and non-dispositive motion deadline, except motions in limine
2. February 29, 2024 mediation or settlement conference deadline
3. May 3, 2024 joint pretrial order and motions in limine deadline
4. June 18, 2024 docket call

## STATEMENT OF ISSUE AND STANDARDS OF REVIEW

**Issue.** The issue before the Court is whether to grant the parties' joint request to modify the scheduling order to extend the motions and mediation deadlines. The parties do *not* seek to extend any other deadlines or the jury trial setting.

**Standard of Review.** A scheduling order may be modified for good cause and with the judge's consent.[1] Whether to modify a scheduling order is ultimately a matter within the

---

[1] FED. R. CIV. P. 16(b)(4)("*Modifying a Schedule.* A schedule may be modified only for good cause

trial court's discretion.[2] So, refusal to modify a scheduling order is reviewed for abuse of discretion.[3]

## ARGUMENT

A scheduling order may be modified for good cause and with the judge's consent.[4] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[5]

Both parties have exercised diligence in discovery in this case. The case file for Robert's attorneys currently exceeds 255 Gigabytes. It separately includes more than 935 emails, excluding emails that have not yet been archived to the file. At least 4 jury focus groups have been completed on behalf of Robert, based on information known at the time.

---

and with the judge's consent.").

[2] *Cf. S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) ("We owe the trial court broad discretion to preserve the integrity and purpose of the pretrial order ....") (cleaned up).

[3] *See id.*

[4] FED. R. CIV. P. 16(b)(4)("*Modifying a Schedule.* A schedule may be modified only for good cause and with the judge's consent.").

[5] *See SW Enters., L.L.C.*, 315 F.3d at 535 (cleaned up).

To help limit the scope of any motions to compel, the Shell Defendants agreed to rolling production. Since then, the parties have continued to work together on discovery and narrowing the scope of disagreements. For example, at one point, the parties scheduled weekly communication on the status of discovery. The Shell Defendants anticipate the next rolling production will take place in a few days. Both parties are working on additional production, and earlier production has led to additional discovery on which the parties are working. But the parties need additional time to work together on discovery issues before resorting to motions to compel, if needed. The discovery is also needed in connection with dispositive motion practice and making informed decisions about settlement.

## RELIEF REQUESTED

Based on the foregoing, all parties respectfully request that the Court grant this Joint Motion and extend scheduling order deadlines as follows:

April 2, 2024 — dispositive motions and non-dispositive motions deadline, other than motions in limine

April 30, 2024 — mediation or settlement conference deadline

Respectfully submitted,

/s/ Amy Gibson

---

Ms. Amy E. Gibson
Attorney-in-Charge
Texas State Bar No. 00793801
Southern District Bar No. 20147
amy@gwfirm.com

Mr. David L. Wiley
Of Counsel
Texas State Bar No. 24029901
Southern District Bar No. 34134
david@gwfirm.com

Gibson Wiley PLLC
1500 Jackson Street #109
Dallas, Texas 75201-4923
T: (214) 522-2121
F: (214) 522-2126

    and

Ms. Amanda C. Hernandez
Of Counsel
Texas State Bar No. 24064411
Southern District Bar No. 1531045
amanda@ahfirm.com

AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
T: (713) 588-4359
F: (281) 572-5370

*Attorneys for Robert Dedmon*

/s/ Marlene Williams by AG at MW's direction after review and edits

---

Ms. Marlene C. Williams
Attorney-in-Charge
Texas State Bar No. 24001872500
Federal ID No.: 22824
marlene.williams@ogletree.com

Ogletree, Deakins, Nash, Smoak
& Stewart, P.C.
500 Dallas Street #3000
Houston, Texas 77002
T: 713-655-0855
F: 713-655-0020

*Attorneys for Defendants*

### CERTIFICATE OF COMPLIANCE

The following is based on the word-count tool in the most current version of Microsoft® Word for Mac. The undersigned certifies that the foregoing *joint motion* contains 991 words, *including* the case caption, any table of contents, any table of authorities, footnotes, the signature block, and all certificates.

/s/ Amy Gibson
_____
Amy E. Gibson

### CERTIFICATE OF SERVICE

The undersigned certifies that, on January 29, 2024, she filed the foregoing *joint motion* with the United States District Court for the Southern District of Texas through the CM/ECF system, such that the Shell Defendants should be served with a copy of the filed document as follows:

**VIA CM/ECF SYSTEM**
Ms. Marlene C. Williams
marlene.williams@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Dallas Street #3000
Houston, Texas 77002

*Attorneys for Shell Defendants*

/s/ Amy Gibson
_____
Amy E. Gibson