UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Robert Dedmon, | § | |
| *Plaintiff*, | § § § | CIVIL ACTION NO. 4:21-cv-03371 |
| vs. | § § | Jury Demand |
| Shell Exploration & Production Company and Shell Trading Services Company, | § § § § § | |
| *Defendants*. | § § | |

**JOINT AGREED MOTION TO MODIFY SCHEDULING ORDER
[MOTIONS AND JOINT PRETRIAL ORDER DEADLINES ONLY]**

### NATURE AND STAGE OF PROCEEDING

**Case alleging national unlawful employment practice and ongoing discrimination.** This is an unlawful employment practices case. It involves a current employee's claims for race and color discrimination. It alleges a national unlawful pay practice dating back to at least 2014 and ongoing discrimination concerning pay and promotion. The first amended complaint filed February 15, 2022 [ECF Doc. 14] includes new allegations of discrimination that post-date this case filing. The Shell Defendants dispute all of these allegations and assert a number of defenses related to the claims.

1

**Discovery deadline agreement.** Per the September 7, 2023 Amended Scheduling Order [ECF Doc. 23], the parties may by agreement continue discovery beyond the scheduling order deadline, which was December 19, 2023. The parties previously agreed to extend the December 19, 2023 discovery deadline with no final end date while the parties continue to work together on discovery issues, including depositions.

**Other deadlines.** On February 6, 2024 the Court extended the dispositive and non-dispositive motions deadline to April 2, 2024 and the mediation/settlement conference deadline to April 30, 2024 to allow the parties additional time for discovery, including depositions. The February 6, 2024 Amended Scheduling Order [ECF Doc. 25] has the following pending deadlines:

1. April 2, 2024 dispositive and non-dispositive motion deadline, except motions in limine;
2. April 30, 2024 mediation or settlement conference deadline;
3. May 15, 2024 joint pretrial order and motions in limine deadline;
4. June 18, 2024 docket call.

## STATEMENT OF ISSUE AND STANDARDS OF REVIEW

**Issue.** The issue before the Court is whether to grant the parties' joint request to modify the scheduling order to extend the motions and pretrial deadlines. The parties do *not* seek to extend any other deadlines or the jury trial setting.

**Standard of Review.** A scheduling order may be modified for good cause and with the judge's consent.[1] Whether to modify a scheduling order is ultimately a matter within the trial court's discretion.[2] So, refusal to modify a scheduling order is reviewed for abuse of discretion.[3]

## ARGUMENT

A scheduling order may be modified for good cause and with the judge's consent.[4] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[5]

Both parties have exercised diligence in discovery in this case. The case file for Robert's attorneys currently exceeds 257 Gigabytes. It separately includes more than 935 emails, excluding emails that have not yet been archived to the file. At

---

[1] FED. R. CIV. P. 16(b)(4)("*Modifying a Schedule.* A schedule may be modified only for good cause and with the judge's consent.").

[2] *Cf. S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) ("We owe the trial court broad discretion to preserve the integrity and purpose of the pretrial order ….") (cleaned up).

[3] *See id.*

[4] FED. R. CIV. P. 16(b)(4)("*Modifying a Schedule.* A schedule may be modified only for good cause and with the judge's consent.").

[5] *See SW Enters., L.L.C.*, 315 F.3d at 535 (cleaned up).

3

least 5 jury focus groups have been completed on behalf of Robert, based on information known at the time.

To help limit the scope of any motions to compel, the Shell Defendants agreed to rolling production. Since then, the parties have continued to work together on discovery and narrowing the scope of disagreements and have continued to supplement their discovery production. Due to scheduling conflicts, however, the parties have not been able to complete depositions as previously anticipated. And rolling production continues. Plaintiff's deposition was just completed on April 2, 2024 — the same day as the current motions deadline. Other depositions are to follow. The parties need additional time to work together on additional discovery, and to complete dispositive motion practice and make informed decisions about settlement.

## RELIEF REQUESTED

Based on the foregoing, all parties respectfully request that the Court grant this Joint Motion and extend a portion of the scheduling order deadlines as follows:

- April 16, 2024 — dispositive motions and non-dispositive motions deadline, other than motions in limine;
- May 31, 2024 — joint pretrial order and motions in limine deadline.

Respectfully submitted,

| | |
|---|---|
| */s/ Amy Gibson by permission MCW* | */s/ Marlene C. Williams* |
| Ms. Amy E. Gibson<br>Attorney-in-Charge<br>Texas State Bar No. 00793801<br>Southern District Bar No. 20147<br>amy@gwfirm.com | Ms. Marlene C. Williams<br>Attorney-in-Charge<br>Texas State Bar No. 24001872500<br>Federal ID No.: 22824<br>marlene.williams@ogletree.com |
| Mr. David L. Wiley<br>Of Counsel<br>Texas State Bar No. 24029901<br>Southern District Bar No. 34134<br>david@gwfirm.com | Ogletree, Deakins, Nash, Smoak<br>& Stewart, P.C.<br>500 Dallas Street #3000<br>Houston, Texas 77002<br>T: 713-655-0855<br>F: 713-655-0020 |
| Gibson Wiley PLLC<br>1500 Jackson Street #109<br>Dallas, Texas 75201-4923<br>T: (214) 522-2121<br>F: (214) 522-2126 | *Attorneys for Defendants* |

      *and*

Ms. Amanda C. Hernandez
Of Counsel
Texas State Bar No. 24064411
Southern District Bar No. 1531045
amanda@ahfirm.com

AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
T: (713) 588-4359
F: (281) 572-5370

*Attorneys for Robert Dedmon*

### CERTIFICATE OF COMPLIANCE

The following is based on the word-count tool in the most current version of Microsoft® Word for Mac. The undersigned certifies that the foregoing *joint motion* contains 996 words, *including* the case caption, any table of contents, any table of authorities, footnotes, the signature block, and all certificates.

*/s/ Marlene C. Williams*
_____
Marlene C. Williams

### CERTIFICATE OF SERVICE

The undersigned certifies that, on April 2, 2024, she filed the foregoing *joint motion* with the United States District Court for the Southern District of Texas through the CM/ECF system, such that Plaintiff should be served with a copy of the filed document through his counsel of record.

*/s/ Marlene C. Williams*
_____
Marlene C. Williams