UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Robert Dedmon, § § *Plaintiff*, § § vs. § § Shell Exploration & Production § Company and Shell Trading § Services Company, § § *Defendants*. § | CIVIL ACTION NO. 4:21-cv-03371 Jury Demand |

## JOINT MOTION TO MODIFY SCHEDULING ORDER AND CONTINUE JURY TRIAL SETTING

### NOTE ABOUT BACK-TO-BACK JOINT MOTIONS

This motion was originally prepared as an amended motion, intended to amend the joint motion filed April 2, 2024 [ECF Doc. 27]. On April 11, 2024 in the late afternoon, the parties conferred and, in light of that discussion, agreed to amend the pending joint motion. On April 12, 2024 in the late afternoon, realizing an amended motion would not be filed that day, they notified the Case Manager of their intent to file an amended version of the pending joint motion. Today, they received a ruling on the pending joint motion [ECF Doc.

1

28] while working to finalize an amended joint motion. Undersigned lead attorneys apologize for any additional work they caused the Court. In the future, if something like this arises, they will file a formal notice and link it to the pending motion intended to be amended.

The parties acknowledge the Court's patience in granting prior motions to extend the schedule in this case and assure the Court that they are working diligently to resolve discovery issues between them with limited or no court intervention. The parties believe this will be their final request to adjust the schedule in this case.

## NATURE AND STAGE OF PROCEEDING

**Case alleging national unlawful employment practice and ongoing discrimination.** This is an unlawful employment practices case. It involves a current employee's claims for race and color discrimination. It alleges a national unlawful pay practice dating back to at least 2014 and ongoing systemic discrimination concerning compensation and job grades. The first amended complaint filed February 15, 2022 [ECF Doc. 14] includes new allegations of discrimination that post-dated this case filing. The Shell Defendants dispute all of these allegations and assert a number of defenses related to the claims.

**Sea Change in 5th Circuit Law.** The Fifth Circuit in *Hamilton v. Dallas County*, 79 F.4th 494 (5th Cir. 2023), announced a sea change for Title VII discrimination cases. It ended the requirement of "ultimate adverse employment action" for discrimination under

Title VII. The parties disagree on whether this opinion impacts any claims in this case. But Robert claims it does.

**Discovery still open per agreement.** Per the September 7, 2023 Amended Scheduling Order [ECF Doc. 23] and April 16, 2024 Amended Scheduling Order [ECF Doc. 28], the parties may by agreement continue discovery beyond the scheduling order deadline. The parties previously agreed to extend the December 19, 2023 discovery deadline with no final end date while the parties work together on discovery issues including depositions. That agreement remains in place. So, discovery remains open.

**Other deadlines.** On April 2, 2024, the parties filed a joint motion requesting an extension of the motions and pretrial filing deadlines [ECF Doc. 27], which the Court granted on April 16, 2024 in an Amended Scheduling Order [ECF Doc. 28] with the following deadlines:

1. April 16, 2024 dispositive and non-dispositive motion deadline, except motions in limine
2. April 30, 2024 mediation or settlement conference deadline
3. May 31, 2024 joint pretrial order and motions in limine deadline
4. June 18, 2024 docket call

## STATEMENT OF ISSUE AND STANDARDS OF REVIEW

**Issue.** The issue before the Court is whether to grant the parties' joint request to modify the scheduling order and continue the jury trial setting.

**Federal Rules.** A scheduling order may be modified with good cause and the judge's consent.[1] Whether to modify a scheduling order is ultimately a matter within the trial court's discretion.[2] So, refusal to modify a scheduling order is reviewed for abuse of discretion.[3]

**Amended Scheduling Order.** The April 16, 2024 Amended Scheduling Order [ECF Doc. 28] states: "no further continuance will be granted, even upon joint motion, absent a showing of actual diligence and extraordinary cause."

## CLIENT CONSENT

All parties' attorneys agree that the relief requested in this motion is in the best interests of their respective clients. And all clients have consented to the relief requested in this motion.

---

[1] FED. R. CIV. P. 16(b)(4) ("*Modifying a Schedule.* A schedule may be modified only for good cause and with the judge's consent.").

[2] *Cf. S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) ("We owe the trial court broad discretion to preserve the integrity and purpose of the pretrial order ....") (cleaned up).

[3] *See id.*

**ARGUMENT**

A scheduling order may be modified with good cause and the judge's consent.[4] "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[5]

But, again, the April 16, 2024 Amended Scheduling Order [ECF Doc. 28] states: "no further continuance will be granted, even upon joint motion, absent a showing of actual diligence and extraordinary cause."

**Actual Diligence and Extraordinary Cause**

This joint motion addresses both factors together because, in this case, each informs the other. In other words, the parties request that the Court consider diligence under the circumstances.

**actual diligence**

Both parties have exercised diligence in discovery in this case. The case file for Robert's attorneys currently exceeds 375 Gigabytes. It separately includes at least 1,147 emails, excluding emails that have not yet been archived for the file. At least 4 jury focus groups have

---

[4] FED. R. CIV. P. 16(b)(4) ("*Modifying a Schedule.* A schedule may be modified only for good cause and with the judge's consent.").

[5] *See S&W Enters., L.L.C.*, 315 F.3d at 535 (cleaned up).

been completed on behalf of Robert, based on information known at the time. More are scheduled to take place.

The parties have continued to work together on discovery issues, including document collection for events that took place in 2014. As the parties work together on document issues, Robert's attorneys have engaged in informal discovery — such as Freedom of Information Act requests, gathering Shell entities' documents filed in other cases, website research including website data as it existed in 2014, witness interviews, and gathering relevant witness depositions from other cases. Robert's attorneys have also worked on the jury charge, trial issues, and various legal issues that may impact the case. As another example, Robert's attorneys have traveled more than once to spend dedicated days on this case, out of state, with help from other attorneys. Shell has engaged in similar pre-trial preparation while the parties continue to work on discovery.

Both parties have exchanged initial disclosures, served written discovery, received objections and responses, and produced documents. To help limit the scope of any motions to compel, the Shell Defendants agreed to a rolling production. Since then, the parties have continued to work together on discovery and narrowing the scope of disagreements. For example, at one point, the parties scheduled weekly communication on the status of discovery. The parties have also conferred, and continue to confer, about supplemental production on certain discovery requests, which has been ongoing.

The last set of rolling production took place on February 22, 2024. The Shell Defendants' next set of rolling production is expected this week.

The Shell Defendants deposed Robert on April 2, 2024. The parties have discussed 30(b)(6) depositions and two defense witness depositions. But all parties want all production finished, other than appropriate supplemental production, before deciding which individual witnesses will be deposed or finalizing and conferring on 30(b)(6) topics.

**unanticipated issues with rolling production & need to cure prejudice**

The rolling production has not ended in the time frame all parties previously anticipated. The parties agree on the need for a hard end date to rolling production. The Shell Defendants proposed a June 3, 2024 end date to the rolling production, and Robert agreed. The parties also then agreed to use June 3, 2024 as the end date for all document production from both sides, other than appropriate supplementation.

The remaining rolling production is highly material. It includes the formal performance reviews, filling gaps in compensation documents produced so that Robert can complete and produce damages calculations, document retention policies, and known addresses for certain witnesses. It may also include any additional relevant compensation and performance information that is located.

All parties' attorneys need this important information (1) to value the pleaded compensation loss or to calculate damages, (2) to make decisions about who needs to be deposed

and who does not need to be deposed, (3) to prepare and then confer on a complete set of 30(b)(6) topics, (4) to schedule and complete depositions, (5) to make informed settlement decisions, and (6) to assess and prepare motions if appropriate after analysis of the foregoing.

**other unanticipated issues & need to cure prejudice**

Other unanticipated issues have arisen and continued over the last 6 weeks. The parties' positions on these issues are hotly disputed, so what follows does not get into details or even identify the alleged offending party. Those issues include alleged spoliation during litigation and alleged missing documents. Although the parties' positions are hotly disputed, the parties are working together to work through these issues in an effort to reduce the need for motions.

All parties' attorneys also need this information (1) to make decisions about who needs to be deposed and who does not need to be deposed, (2) to prepare and then confer on a complete set of 30(b)(6) topics, (3) to schedule and complete depositions, (4) to make informed settlement decisions, and (5) to assess and prepare motions if appropriate after analysis of the foregoing.

Without changes in the current scheduling order, the parties would have to prepare and respond to dispositive motions without the complete production or additional depositions

that are to take place once rolling production is done. Without changes in the current scheduling order, both parties would also have to mediate without full pay data needed to assess damages.

**RELIEF REQUESTED**[6]

Based on the foregoing, all parties respectfully request that the Court grant this Joint Motion and enter an amended scheduling order setting the following deadlines:

June 3, 2024 — end date for rolling production and all production other than appropriate supplementation

September 24, 2024 — dispositive motions and non-dispositive motions deadline, other than motions in limine

November 1, 2024 — mediation or settlement conference deadline

November 15, 2024 — joint pretrial order and motions in limine deadline

December 2, 2024 — Docket Call

---

[6] In the event this relief is not granted, the parties have agreed not to oppose leave to file motions within a reasonable time of the Court's order on this Motion.

9

Respectfully submitted,

*/s/ Amy Gibson*

Ms. Amy E. Gibson
Attorney-in-Charge
Texas State Bar No. 00793801
Southern District Bar No. 20147
amy@gwfirm.com

Mr. David L. Wiley
Of Counsel
Texas State Bar No. 24029901
Southern District Bar No. 34134
david@gwfirm.com

Gibson Wiley PLLC
1500 Jackson Street #109
Dallas, Texas 75201-4923
T: (214) 522-2121
F: (214) 522-2126

  and

Ms. Amanda C. Hernandez
Of Counsel
Texas State Bar No. 24064411
Southern District Bar No. 1531045
amanda@ahfirm.com

AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
T: (713) 588-4359
F: (281) 572-5370

*Attorneys for Robert Dedmon*

*/s/ Marlene Williams by AEG at direction of MW after review and agreement*

Ms. Marlene C. Williams
Attorney-in-Charge
Texas State Bar No. 24001872500
Federal ID No.: 22824
marlene.williams@ogletree.com

Ogletree, Deakins, Nash, Smoak
& Stewart, P.C.
500 Dallas Street #2100
Houston, Texas 77002
T: 713-655-0855
F: 713-655-0020

*Attorneys for Defendants*

#### CERTIFICATE OF COMPLIANCE

The following is based on the word-count tool in the most current version of Microsoft® Word for Mac. The undersigned certifies that the foregoing *joint motion* contains 1,944 words, *including* the case caption, any table of contents, any table of authorities, the signature block, and all certificates.

*/s/ Amy Gibson*

Amy E. Gibson

#### CERTIFICATE OF SERVICE

The undersigned certifies that, on April 17, 2024 just after midnight following final communication on this joint motion, she filed the foregoing *joint motion* with the United States District Court for the Southern District of Texas through the CM/ECF system, such that the Shell Defendants should be served with a copy of the filed document as follows:

**VIA CM/ECF SYSTEM**
Ms. Marlene C. Williams
marlene.williams@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Dallas Street #3000
Houston, Texas 77002

*Attorneys for Shell Defendants*

*/s/ Amy Gibson*

Amy E. Gibson