UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Robert Dedmon, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 4:21-cv-03371 |
| | § | |
| vs. | § | Jury Demand |
| | § | |
| Shell Exploration & Production | § | |
| Company and Shell Trading | § | |
| Services Company, | § | |
| | § | |
| *Defendants*. | § | |

---

**UNOPPOSED MOTION TO EXTEND DEADLINE TO FILE RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

### NATURE AND STAGE OF PROCEEDING

**Case alleging national unlawful employment practice and ongoing discrimination.**
This is an unlawful employment practices case. It involves claims for race and color discrimination. It alleges a national unlawful pay practice dating back to at least 2014 and ongoing discrimination concerning pay and job grades.

**Summary judgment.** This motion seeks to extend through November 7, 2024 the deadline to file a response to Defendants' Motion for Summary Judgment [ECF No. 33].

Pursuant to agreement at the initial scheduling conference and later Court approval, the current response deadline is October 24, 2024 [ECF Doc. 36].

### STATEMENT OF FACTS NECESSARY TO RESOLVE MOTION

Defendants do not oppose the relief requested in this motion. Plaintiff Robert Dedmon — through undersigned counsel — seeks to extend through November 7, 2024 the deadline to file a response to Defendants' Motion for Summary Judgment [ECF No. 33]. Lead counsel Amy Gibson and counsel David Wiley each had a parent critically ill over about a 10 week period this summer, with one parent passing away and one surviving. The memorial service for the deceased parent was September 21, 2024 in Louisiana, and both counsel attended that and related family gatherings. As a result of dealing with those illnesses and one death, their schedule thereafter got compressed due to planned work on cases that could not reasonably be accomplished during that timeframe.

For the response period here for both counsel: The week of September 30, 2024 involved preparation and depositions all 5 days for lead counsel and 3 days for Mr. Wiley, with one deposition being virtual and others in Midland, Texas. The next week from October 7 through 10, both counsel worked to complete an appellee brief defending a roughly $2.5 million judgment after caps were applied to an $8.5 million jury verdict. And last week, both counsel were out all week for depositions in Midland, Texas. All of the foregoing is on top of other more routine and so less time-intensive deadlines.

At the time of the briefing schedule set for Defendants' summary judgment motion [ECF Doc. 36], undersigned counsel believed any request for extension was premature since scheduled events sometimes cancel and she hoped that no extension request would be needed regardless.

### STATEMENT OF ISSUE AND STANDARD

**Issue.** The issue before the Court is whether to grant an unopposed request to extend the summary judgment response deadline.

**Standard.** The Court may extend the summary judgment response deadline for good cause under Federal Rule of Civil Procedure 6(b)(1)(a).

### ARGUMENT

The Court may extend the summary judgment response deadline for good cause under Federal Rule of Civil Procedure 6(b)(1)(a).[1] As shown in the statement of facts above, good cause is shown for the requested extension of time.

---

[1] Federal Rule of Civil Procedure 6(b)(1)(a) states in relevant part:

> (b) EXTENDING TIME.
> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires;

**RELIEF REQUESTED**

For good cause shown above, Plaintiff Robert Dedmon — through undersigned counsel — respectfully requests that the Court extend the deadline to file a response to Defendants' motion for summary judgment through and including November 7, 2024.

Respectfully submitted,

*/s/ Amy Gibson*

_____
Ms. Amy E. Gibson
Attorney-in-Charge
Texas State Bar No. 00793801
Southern District Bar No. 20147
amy@gwfirm.com

Mr. David L. Wiley
Of Counsel
Texas State Bar No. 24029901
Southern District Bar No. 34134
david@gwfirm.com

Gibson Wiley PLLC
1500 Jackson Street #109
Dallas, Texas 75201-4923
T: (214) 522-2121
F: (214) 522-2126

        *and*

Ms. Amanda C. Hernandez
Of Counsel
Texas State Bar No. 24064411
Southern District Bar No. 1531045
amanda@ahfirm.com

AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
T: (713) 588-4359
F: (281) 572-5370

*Attorneys for Robert Dedmon*

## CERTIFICATE OF CONFERENCE

The undersigned certifies the following. On the morning of Monday, October 21, 2024, she communicated with Defendants' counsel Marlene Wiliams about the relief requested in the motion. In the afternoon of Tuesday, October 22, 2024, Ms. Williams informed the undersigned that Defendants do not oppose the relief requested in this motion, with a caveat to which I agreed. The email string is attached to this motion.

*/s/ Amy Gibson*

Amy E. Gibson

## CERTIFICATE OF COMPLIANCE

The following is based on the word-count tool in the most current version of Microsoft® Word for Mac. The undersigned certifies that the foregoing *unopposed motion* contains 906 words, *including* the case caption, footnotes, the signature block, and all certificates.

*/s/ Amy Gibson*

Amy E. Gibson

## CERTIFICATE OF SERVICE

The undersigned certifies that, on October 23, 2024, she filed the foregoing *unopposed motion* with the United States District Court for the Southern District of Texas through the CM/ECF system, such that the Shell Defendants should be served with a copy of the filed document as follows:

**VIA CM/ECF SYSTEM**
Ms. Marlene C. Williams
marlene.williams@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Dallas Street #3000
Houston, Texas 77002

*Attorneys for Shell Defendants*

*/s/ Amy Gibson*

_____
Amy E. Gibson