UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Robert Dedmon, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 4:21-cv-03371 |
| | § | |
| vs. | § | Jury Demand |
| | § | |
| Shell Exploration & Production | § | |
| Company and Shell Trading | § | |
| Services Company, | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF ROBERT DEDMON'S MOTION IN LIMINE**

Robert Dedmon, through undersigned counsel, seeks to exclude the following matters at any time within potential hearing of any juror or prospective juror.

1. **Denying economic damage**. Defense should be barred from contending there is no economic damage or complaining about disclosures on damage. As a basis for a past continuance, Defendants conceded to this Court that it owed production of documents plaintiff needed to calculate damages: "The remaining rolling production is highly material. It includes the formal perfor-

mance reviews, filling gaps in compensation documents produced so that Robert can complete and produce damages calculations,...." All parties' attorneys need this important information (1) to value the pleaded compensation loss or to calculate damages,...." Joint Motion to Modify Scheduling Order and Continue Jury Trial [ECF No. 29] at p. 7.

Defense later again promised it had more to produce: "I am preparing additional documents to send to you in the next few days, along with supplemental responses to certain discovery requests. Email from Defense [attached]." Email of June 3, 2024. Plaintiff's counsel continued to follow-up. For example, asking: "On June 3, 2024 you provided some additional rolling production and said: 'I am preparing additional documents to send to you in the next few days, along with supplemental responses to certain discovery requests.' We received nothing." Email of Sep. 23, 2024. Without supplementing as promised, defense just moved for summary judgment. *See* Motion [ECF No. 33]. Plaintiff's counsel continues to push defense to abide by their promises—including just days ago:

> I never received a response to my email below. I am giving Shell another opportunity to cure the issues addressed below without our side having to seek exclusion of argument or evidence or seek other appropriate remedies based on lack of production. All parties agreed that the information was necessary to calculate damages and was necessary before depositions were to take place.
>
> We still do not have the documents promised to us the week of June 3. We still do not have pay data needed to calculate damages.
>> For example, we only have 2014 pay data for Robert.
>> As another example, we have zero pay data for Meredith Lilly, Raif Rucker, Justin Mody, and Jim Promubol.
>> We also need updated pay data for all team members due to the passage of time.
>
> For Raif Rucker, we believe he was also underpaid as the only other black person on this inside sales team within the last decade. So, we need Raif Rucker's pay data for this additional reason.

Email of Feb. 8, 2025. Defendant should not benefit from this kind of discovery abuse—promising production of documents needed to calculate damages to avoid a motion to compel, breaking those promises, ignoring entreaties about it, then complaining about damage calculations.

2. **Any contention that black team member Raif Rucker was paid more than white team members**. Mr. Rucker was the only other black person in the sales group in which Robert Dedmon worked during the 10+ years Dedmon worked in that group. *See* Dedmon Decl. [ECF No. 41-1] at p. 18, ¶ 55. Robert Dedmon requested pay data for people in that group. But despite re-

quest defendants have refused to produce pay records for Raif Rucker. So, pursuant to Federal Rules of Civil Procedures 37(b)(2)(A)(ii) and 37(c)(1)(C), it is a proper discovery sanction to bar *defendants* from contending at trial or introducing evidence on what Raif Rucker was paid in comparison to others on the team. Even though Robert Dedmon may put on evidence of Mr. Rucker's pay. Because, even though defendants have wrongfully refused to produce his pay data, counsel for Robert Dedmon understand from their investigation that Raif Rucker was also paid less than other white members in that same group.

3. **Pay equity reports / audits**. To the EEOC, defense represented that "the Compensation team at Shell also conducts equity reviews as part of the annual compensation process." But despite request defendants have refused to produce any pay audits or pay equity reports. So, pursuant to Federal Rules of Civil Procedures 37(b)(2)(A)(ii) and 37(c)(1)(C), it is a proper discovery sanction to bar defendants from introducing any results of any such reports or audits. Or to in any way imply that they looked into pay equity and found no race-based disparity as a result of doing so.

4. **Discrimination investigation result**. Hiring Manager Srikala "Sri" Rangan testifies about filing an internal Shell EO report, after HR Manager Teri Olmen told her that Robert Dedmon's job grade would be lowered because of his race. *See* Rangan Decl. [ECF No. 41-1] at pp. 82-83. Defendants contend

they cannot find any such report or any documents about what happened concerning Ms. Rangan's report: "Shell has not been able to locate a number of requested documents due to scope of the time frame requested, including some material dating back to 2014 and 2015 (for example, the investigation report related to the report Sri Rangan made in or around May 2014; material related to the job posting and offers for the 2014 position)." Appendix [ECF 41-1] [Ex. 11 Shell counsel letter about missing documents] at p. 207. So, it would be unfair for defendants to introduce at trial any evidence or contention that they looked into the matter and found no discrimination occurred.

Respectfully submitted,

*/s/ Amy Gibson*

Ms. Amy E. Gibson
Attorney-in-Charge
Texas State Bar No. 00793801
Southern District Bar No. 20147
amy@gwfirm.com

Mr. David L. Wiley
Of Counsel
Texas State Bar No. 24029901
Southern District Bar No. 34134
david@gwfirm.com

Gibson Wiley PLLC
1500 Jackson Street #109
Dallas, Texas 75201-4923
T: (214) 522-2121
F: (214) 522-2126

*and*

Ms. Amanda C. Hernandez
Of Counsel
Texas State Bar No. 24064411
Southern District Bar No. 1531045
amanda@ahfirm.com

AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
T: (713) 588-4359
F: (281) 572-5370

*Attorneys for Robert Dedmon*

**CERTIFICATE OF COMPLIANCE**

The following is based on the word-count tool in the most current version of Microsoft® Word for Mac. The undersigned certifies that the foregoing motion contains 1015 words, *including* the case caption, the signature block, and all certificates.

*/s/ Amy Gibson*
_____
Amy E. Gibson

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that she requested a conference with Shell Defendants' lead counsel, Ms. Marlene Williams, about all JPTO matters on which the parties needed to confer. Ms. Williams initially did not respond and later said she did not have time.

*/s/ Amy Gibson*
_____
Amy E. Gibson

## CERTIFICATE OF SERVICE

The undersigned certifies that, on February 10, 2025, she filed the foregoing motion with the United States District Court for the Southern District of Texas through the CM/ECF system, such that the Shell Defendants should be served with a copy of the filed document as follows:

**VIA CM/ECF SYSTEM**
Ms. Marlene C. Williams
marlene.williams@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Dallas Street #3000
Houston, Texas 77002
T: (713) 655-5769

*Attorneys for Shell Defendants*

*/s/ Amy Gibson*

Amy E. Gibson