IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT DEDMON, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | 4:21-CV-03371 |
| | § | |
| SHELL EXPLORATION & PRODUCTION COMPANY AND SHELL TRADING SERVICES COMPANY, | § § § | |
| | § | |
| *Defendants* | § | |

## **DEFENDANTS' MOTION IN LIMINE**

Before the beginning of voir dire examination of the jury and before the presentation of any evidence, Defendants Shell Exploration & Production Company and Shell Trading Services Company ("Defendants" or "Shell") seeks the following Order in Limine, to be included in the Court's Standard Order of Limine in jury trial cases:

Shell moves the Court to order Plaintiff Robert Dedmon, his attorneys, witnesses, and other representatives not to mention or bring before the jury, either directly or indirectly, upon voir dire, reading of the pleadings, statement of the case, interrogation of witnesses, argument, or objections before the jury any of the following matters, without first having called such matters to the Court's attention, out of presence or hearing of the jury, and obtained a favorable ruling as to the admissibility of any such matters. Shell also moves the Court to order Plaintiff, his attorneys, witnesses, and representatives not to prove, attempt to prove, refer to, interrogate, mention, imply, or testify to at any time, in any way, shape or form in the presence of the jury panel or jury, or attempt to place before the jury panel and jury, either directly or indirectly, any of the following matters without first having called such matters to the Court's attention, out of the presence or

hearing of the jury, and obtained a favorable ruling as to the admissibility of any such matters. Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning any of these matters would prejudice the jury, and sustaining objections to such questions, statements, or evidence will not prevent prejudice and will reinforce the development of questionable evidence.

The matters and information made the subject of this Motion in Limine are as follows:

1.  Any evidence, suggestion, allegation, or inference that Shell engaged in any pattern or practice of discrimination, or that Shell had "national" policies that were discriminatory. This is a single-plaintiff case and involves a single claim of alleged race and color discrimination. Such evidence is irrelevant and unfairly prejudicial. FRE 401, 403.

2.  Any evidence or testimony regarding Plaintiff's damages, of whatever kind, that have not been specifically disclosed in Plaintiff's Disclosures, and/or in response to Defendant's Interrogatories or Request for Production of Documents.

3.  Lay or opinion testimony of anyone that they believed Plaintiff was discriminated against because of his race or color. In a discrimination case, it is reversible error to allow lay witnesses to testify that, in their opinion, the plaintiff was discriminated against. *Hester v. BIC Corp.*, 225 F.3d 178, 185 (2d Cir. 2000) (in a discrimination case, reversing a jury verdict for the employee because the trial court erred in allowing the introduction of "subjective impressions" that the Defendant discriminated against the employee). Moreover, no such witnesses would have any personal knowledge of the mindset of any decision-makers or adequate opportunity to observe the underlying circumstances regarding Plaintiff's employment. Thus, such evidence should be precluded. FRE 401, 403, and 602.

4. Any evidence, suggestion, allegation, or inference of anecdotal (e.g., "me too") evidence regarding similar acts of discrimination toward any other employee. Alleged anecdotal evidence is only relevant if the employees were similarly situated to Dedmon, "*i.e.,* same supervisors or decision-makers, same standards or policies, same or substantially similar conduct, and close in time. In other words, the circumstances must be 'nearly identical to that involving other employees.'" *Gilyard v. Texas Laurel Ridge Hosp. LP*, No. SA-07-CA-650-OG, 2009 WL 10670175, at *2 (W.D. Tex. Feb. 20, 2009). Here, Plaintiff has not identified any employee that was nearly identical to him, and such evidence is irrelevant and unfairly prejudicial. FRE 401, 403.

5. Any allegation, suggestion, implication, or evidence that Shell has been sued in any other action, settled any claim, and/or that any charge or complaint of discrimination has been filed against Shell by any person other than Plaintiff. *See* FRE 401-403, 404(b), 601 and 602; *Wyvill v. United Coso Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000) (trial court abuses its discretion when it admits anecdotal testimony from other employees about alleged discrimination against them), *cert. denied*, 531 U.S. 1145 (2001); *Plemer v. Parsons-Gilbane*, 713 F.2d 1127 (5th Cir. 1983) (evidence of how other employees were discriminatorily treated properly excluded because admission of this evidence had only attenuated relevance and would unduly prolong trial).

6. Any testimony about what another person said or thought or other inadmissible hearsay statements, pursuant to Fed. R. Evid. 801(c). Specifically, any testimony pertaining to what anyone employed by or formerly employed by Shell may have told Plaintiff regarding any conduct by Shell or related to Plaintiff's claims against Shell.

7. Any reference to any expert or expert's opinions from any witnesses other than those specifically designated by the parties in accordance with the Federal Rules of Civil Procedure.

8. Any reference or statement that Shell intentionally or improperly destroyed any records related to or potentially related to Plaintiff and/or his claims in this case.

9. Any reference or statement regarding any alleged bullying or racism Plaintiff experienced as a child or adolescent.

10. Any reference or statement regarding any alleged bullying or racism Plaintiff experienced at any time by any third party.

11. Any opinion testimony concerning Shell's motives with regard to its actions toward Plaintiff from any current or former Shell employee who was not involved in any such action regarding Plaintiff's employment. Any such evidence is based on speculation or hearsay and not based on personal knowledge. Such testimony would likely confuse and mislead the jury and unfairly prejudice RBC. The jury would likely attach undue significance to the testimony because of such individual's position as a current or former employee of Shell. *See* FRE 401, 403, 602, 801-802. Moreover, such evidence does not constitute competent evidence of discrimination or other unlawful conduct. *See* FRE 601 602; *Rubenstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.2d 392, 400-01 (5th Cir. 2000) (for a comment to constitute competent evidence of discrimination, it must be, among other things, proximate in time to the complained of adverse employment decision, and made by a decision-maker or an individual with authority over the employment decision at issue), *cert. denied*, 532 U.S. 937 (2001). Accordingly, any such testimony should be excluded.

12. Evidence or testimony regarding any other lawsuit(s) or charge(s) brought against Shell. The facts, circumstances, or outcome underlying other lawsuits or charges against Shell are irrelevant to the facts of the present lawsuit. Accordingly, any attempt to mention or reference

third-party lawsuits or charges would likely confuse the jury and would serve only as an attempt to substantially prejudice the jury against RBC. *See* FRE 401, 403.

13. Evidence or testimony that Shell allegedly discriminated, harassed, retaliated, or otherwise engaged in unlawful or unfair acts against current or former employees other than Plaintiff. This includes, but is not limited to, testimony by any current or former Shell employee. *See* FRE 401-403, 404(b), 601 and 602; *Wyvill v. United Coso Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000) (trial court abuses its discretion when it admits anecdotal testimony from other employees about alleged discrimination against them), *cert. denied*, 531 U.S. 1145 (2001); *Plemer v. Parsons-Gilbane*, 713 F.2d 1127 (5th Cir. 1983) (evidence of how other employees were discriminatorily treated properly excluded because admission of this evidence had only attenuated relevance and would unduly prolong trial).

14. Any allegation, suggestion, implication, or evidence regarding the reason(s) why any potential witness is not available for trial, or why any party has not presented evidence from that witness. The availability of a witness for trial and a party's trial strategy are not relevant to the facts at issue in this lawsuit and would likely confuse the jury and would serve only as an attempt to substantially prejudice the jury against RBC. *See* FRE 401, 403.

15. Any testimony that in any manner calls attention to the difference in financial abilities of the parties. Any reference to Shell's wealth for the purposes of prejudicing the jury against Shell should be excluded for the reason that such facts are completely immaterial to the issues involved, and at the same time the mere making of such references would create unfair prejudice to RBC. *See* FRE 402, 403. All parties are entitled to be treated equally before the Court without regard to relative wealth or poverty, or corporate status. *Loose v. Offshore Navigation, Inc.*, 670 F.2d 493 (5th Cir. 1982).

16. Any testimony or argument suggesting that Shell, through its attorney, asserted objections or claims of privilege during discovery. *See* FRCP 26, 37; *Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999).

17. Any mention of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed to testify. Such testimony would be hearsay and would lack personal knowledge. FRE 602, 801.

18. Any reference that Shell has failed to call any witness available equally to any party to this action.

19. Any reference to statutes or statements of the law, other than that regarding the burden of proof and the basic legal definitions counsel believe to be applicable, before the court rules on the law applicable to this case.

20. That this Motion has been filed or Shell's counsel has in any manner attempted to limit or restrict the evidence.

21. Any reference to any articles, news publications, media publications or other statements regarding the experiences of African American employees at Shell, including those that pre-date Plaintiff's employment.

22. Any reference from other Shell employees or former employees about complaints they had at Shell or unfavorable or alleged discriminatory experiences they had at Shell, including with respect to compensation or promotions.

23. Any reference to any claims, lawsuits, settlements, disputes or other matters involving Shell entities that are not party to this lawsuit.

24. Any reference or testimony from individuals who work for or previously worked for Shell entities that are not party to this lawsuit.

25. Any reference to Shell's financial ability to litigate. Any statement, testimony, reference, question, document and/or evidence, whether directly or indirectly, relating to Shell's financial ability to defend or prosecute a claim, its financial ability to pay Plaintiff's claims, the amount of sales, either in dollars or product figures, or any reference to the cost that may have been incurred by Shell in defending this or any other lawsuit should be excluded. FRE 401, 402, and 403; *see also Draper v. Airco, Inc.*, 580 F.2d 91, 95 (3d Cir. 1978) (evidence of the parties' poverty or wealth is inadmissible).

26. Any hearsay comments attributed to any unidentified witness not subject to cross-examination.

27. Evidence or testimony regarding claims not included in Plaintiff's Amended Complaint. The Court should exclude evidence of any claims not raised in the Amended Complaint. Claims outside the scope of the pleadings are not properly before the court and Defendant cannot be on notice that any such claim is being raised. *Deere & Co. v. Johnson*, 271 F.3d 613, 621-22 (5th Cir. 2001) (issue not in the pleadings or pretrial order not properly raised in trial court if not tried by consent or implied consent).

28. Evidence or testimony regarding claims not included in the charge that Plaintiff filed with the EEOC. Plaintiff has failed to exhaust his administrative remedies with respect to any other claim. A court only has jurisdiction over a claim that is based upon conduct like or reasonably related to the charge's allegations. *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993).

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Marlene C. Williams*
Marlene C. Williams
SBOT #: 24001872
USDC Southern Texas #: 22824
scott.mclaughlin@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
500 Dallas Street, Suite 2100
Houston, Texas 77002
Telephone: (713) 655-5679
Fax: (713) 655-0020

**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendants' Motion in Limine has been served on all counsel of record via ECF on February 10, 2025.

*/s/ Marlene C. Williams*
Marlene C. Williams