UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Robert Dedmon, § § *Plaintiff*, § vs. § § Shell Exploration & Production Company and Shell Trading Services Company, § § § § *Defendants*. § | CIVIL ACTION NO. 4:21-cv-03371 Jury Demand |

## MEMORANDUM OF LAW FOR JOINT PRETRIAL ORDER

This memorandum is intended to identify and address "the legal propositions that are necessary to the disposition and relief sought in the case, with identification of those which aren't in dispute," in accord with Paragraph 21(a) of the Court's Procedures.

Most of the propositions necessary to the disposition of this case are factual ones for a jury to determine [like liability and compensatory damage] or this court to determine [like attorneys' fees and costs]—rather than legal ones. But there are these legal questions: (1) whether defendants are equitably estopped from relying on any limitations defense [addressed in summary judgment briefing in this case]; (2) backpay [which, technically, is a

matter of equitable relief for the Court, though often tried to a jury for its advisory opinion]; and (3) injunctive relief. These legal questions are all in dispute.

On what adverse action means: *Muldrow v. St. Louis,* 601 U.S. 346, 365 (2024) changed how courts analyze discrimination claims. It ruled that just "some harm respecting an identifiable term or condition of employment" is enough to make a discriminatory act actionable. *Muldrow*, 601 U.S. at 355. Discrimination need only leave an employee "worse off respecting employment terms or conditions." *Id.* Harm no longer needs to be *significant* or *material* or *serious* or *substantial*.[1]

---

[1] *See Muldrow*, 601 U.S. at 355 (what an employee "does not have to show, according to the relevant text, is that the harm incurred was 'significant.' Or serious, or substantial, or any similar adjective suggesting that the disadvantage to the employee must exceed a heightened bar.").

Respectfully submitted,

*/s/ Amy Gibson*

Ms. Amy E. Gibson
Attorney-in-Charge
Texas State Bar No. 00793801
Southern District Bar No. 20147
amy@gwfirm.com

Mr. David L. Wiley
Of Counsel
Texas State Bar No. 24029901
Southern District Bar No. 34134
david@gwfirm.com

Gibson Wiley PLLC
1500 Jackson Street #109
Dallas, Texas 75201-4923
T: (214) 522-2121
F: (214) 522-2126

    and

Ms. Amanda C. Hernandez
Of Counsel
Texas State Bar No. 24064411
Southern District Bar No. 1531045
amanda@ahfirm.com

AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
T: (713) 588-4359
F: (281) 572-5370

*Attorneys for Robert Dedmon*