**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT DEDMON, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | 4:21-CV-03371 |
| | § | |
| SHELL EXPLORATION & PRODUCTION | § | |
| COMPANY AND SHELL TRADING | § | |
| SERVICES COMPANY, | § | |
| | § | |
| *Defendants* | § | |

## DEFENDANTS' PROPOSED JURY CHARGE

Defendants Shell Exploration & Production Company and Shell Trading Services Company ("Defendants" or collectively "Shell") submit the following Proposed Jury Charge.

## PRELIMINARY STATEMENT

Because the proposed instructions and questions are submitted to the Court before all of the evidence has been submitted at trial, Shell reserves the right to amend, withdraw, or add to them as may be necessary due to the matters that develop during the course of trial. Shell requests that the Court advise the undersigned counsel prior to jury submission whether the Proposed Jury Charge will be refused or modified by the Court, either in whole or in part.

**INSTRUCTION NO.**

**(PRELIMINARY INSTRUCTIONS TO JURY)**

**MEMBERS OF THE JURY:**

You have now been sworn as the jury to try this case. As judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to district you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or X (f/k/a Twitter), or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons

associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, Plaintiff will present his case through witness testimony and documentary or other evidence. Next, Defendants will have an opportunity to present their case. The Plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.

It is now time for the opening statements.

***Source and Authority:***   *Fifth Circuit Pattern Jury Instructions, Civil, §§ 1.2 (2020).*

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

## <u>INSTRUCTION NO.</u>

## <u>(FIRST RECESS)</u>

We are about to take our first break in this trial. Remember, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors. If anyone approaches you and tries to talk to you about the case, advise me about it immediately. Do not read or listen to any news reports of the trial or use any technology tools to do independent research. Remember to keep an open mind until all the evidence has been received. Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.

***Source and Authority:***     *Fifth Circuit Pattern Jury Instructions, Civil, §§ 2.1 (2020).*

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

## INSTRUCTION NO.

### (STIPULATED TESTIMONY)

**MEMBERS OF THE JURY:**

A "stipulation" is something that the attorneys agree is accurate. When there is no dispute about certain testimony, the attorneys may agree or "stipulate" to that testimony.

Stipulated testimony must be considered in the same way as if that testimony had been received here in court.

*Source and Authority:*    *Fifth Circuit Pattern Jury Instructions, Civil, § 2.2 (2020).*

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

## **INSTRUCTION NO.**

### **(STIPULATIONS OF FACT)**

**MEMBERS OF THE JURY:**

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

***Source and Authority:***     Fifth Circuit Pattern Jury Instructions, Civil § 2.3 (2020).

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

**<u>INSTRUCTION NO.</u>**

**(LIMITING INSTRUCTION)**

**MEMBERS OF THE JURY:**

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

***Source and Authority:***     Fifth Circuit Pattern Jury Instructions, Civil § 2.6 (2020).

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

## <u>INSTRUCTION NO.</u>

### (CHARTS AND SUMMARIES)

**MEMBERS OF THE JURY:**

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

***Source and Authority:***        Fifth Circuit Pattern Jury Instructions, Civil § 2.7 (2020).

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

## **<u>INSTRUCTION NO.</u>**

### **(DEMONSTRATIVE EVIDENCE)**

**MEMBERS OF THE JURY:**

Exhibit _____ is an illustration. It is a party's _____ used        to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

***Source and Authority:***        Fifth Circuit Pattern Jury Instructions, Civil § 2.8 (2020).

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

## <u>INSTRUCTION NO.</u>

## (WITNESS NOT CALLED)

**MEMBERS OF THE JURY:**

_____ was available to both sides. _____ cannot

complain that _____ was not called to testify, because either _____

could have called _____.


***Source and Authority:***        Fifth Circuit Pattern Jury Instructions, Civil § 2.9 (2020).

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

## INSTRUCTION NO.

## (IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS)

**MEMBERS OF THE JURY:**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

***Source and Authority:***        Fifth Circuit Pattern Jury Instructions, Civil § 2.11 (2020).

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

## <u>INSTRUCTION NO.</u>

## (BIAS—CORPORATE PARTY INVOLVED)

**MEMBERS OF THE JURY:**

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

*Source and Authority:*     Fifth Circuit Pattern Jury Instructions, Civil § 2.16 (2020).

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

**INSTRUCTION NO.**

**(JURY CHARGE)**

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for Plaintiff or Defendants in arriving at your verdict.

***Source and Authority:***  Fifth Circuit Pattern Jury Instructions, Civil § 3.1 (2020).

   Accepted:_____

   Refused:_____

   Modified:_____

To which rejection, Shell hereby objects.

## **INSTRUCTION NO.**

### **(BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE)**

**MEMBERS OF THE JURY:**

Plaintiff has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

*Source and Authority:*        Fifth Circuit Pattern Jury Instructions, Civil § 3.2 (2020).

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

## INSTRUCTION NO.

## (EVIDENCE)

**MEMBERS OF THE JURY:**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Certain testimony has been presented to you through one or more depositions. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned these witnesses under oath. A court reporter was present and recorded the testimony. The questions and answers have been read to you during the trial. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

*Source and Authority:*        Fifth Circuit Pattern Jury Instructions, Civil §§ 3.1, 2.13 (2020).

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

**<u>INSTRUCTION NO.</u>**

**(WITNESSES)**

**MEMBERS OF THE JURY:**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all the other evidence, you believe that witness.

***Source and Authority:***        Fifth Circuit Pattern Jury Instructions, Civil § 3.4 (2020).

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

19

## INSTRUCTION NO.

## (NO INFERENCE FROM FILING SUIT)

**MEMBERS OF THE JURY:**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

***Source and Authority:***        Fifth Circuit Pattern Jury Instructions, Civil § 3.6 (2020).

Accepted: _____

Refused: _____

Modified: _____

To which rejection, Shell hereby objects.

**INSTRUCTION NO.**
**(DUTY TO DELIBERATE)**

**MEMBERS OF THE JURY:**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, and the exhibits that I have admitted into evidence. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will

respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**_Source and Authority:_**    Fifth Circuit Pattern Jury Instructions, Civil § 3.6 (2020).

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

## INSTRUCTION NO.

## (BUSINESS JUDGMENT)

**MEMBERS OF THE JURY:**

You may not return a verdict for Plaintiff just because you might disagree with Defendants' actions or believe them to be harsh or unreasonable. Under the law, employers are entitled to make employment decisions for a good reason, for a bad reason, for a mistaken reason, or for no reason at all, so long as the decision is not motivated by unlawful discrimination. You should not second-guess Defendants' decisions or substitute your judgment for that of Defendants. The fact that you disagree with a particular decision, or feel that it was not a good business decision, or even if you believe it was a mistake, is not a legal basis for concluding that Defendants' treatment of Plaintiff was in violation of the law.

| | |
|---|---|
| ***Source and Authority:*** | *Deines v. Texas Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 281–82 (5th Cir. 1999); *Walton v. Bisco Indus., Inc.*, 119 F.3d 368, 372 (5th Cir. 1997). |

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

**<u>INSTRUCTION NO.</u>**

**(LEGITIMATE NON-DISCRIMINATORY
REASONS FOR EMPLOYMENT DECISION)**

**MEMBERS OF THE JURY:**

You must consider any legitimate, nondiscriminatory reason or explanation stated by Defendants for their employment decisions regarding Plaintiff.  If you determine that Defendants have stated such a reason, then you must decide in favor of Defendants unless Plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason but was only a pretext or excuse for Defendants' decision to take an adverse action against Plaintiff.

***Source and Authority:***    O'Malley, Grenig, and Lee, *Fifth Circuit Pattern Jury Instructions, Civil Cases*, § 171.77 (5th Edition).

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

**<u>INSTRUCTION NO.</u>**

**<u>(SUBJECTIVE BELIEF)</u>**

**MEMBERS OF THE JURY:**

A person's personal belief that he or she was discriminated against, however genuine, is not sufficient to prove discrimination. Therefore, no matter how much they believe their claims, Plaintiff's mere assertions based on his own belief that Defendants discriminated against him does not constitute proof to support his claims.

***Source and Authority:*** *Grizzle v. Travelers Health Network, Inc.*, 14 F.3d 261, 268 (5th Cir. 1994); *Little v. Republic Refining Co.*, 924 F.2d 93, 96 (5th Cir. 1991).

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

## INSTRUCTION NO.

## (SPECULATION NOT EVIDENCE OF RETALIATION)

**MEMBERS OF THE JURY:**

In determining whether Defendants' stated reason for their treatment of Plaintiff was in fact a pretext for discrimination, you are instructed that Defendants' reasons for their actions cannot be considered pretextual as long as Defendants had an honest belief that the facts upon which they based their decisions were true. Neither Plaintiff's perception of the appropriate decision, nor his subjective belief that he was discriminated against, should be considered. Testimony presented by Plaintiff regarding his subjective belief that actions were the result of discrimination is not enough to prove intentional discrimination. Personal belief alone—no matter how strongly held—that discrimination was the reason for Defendants' actions is not enough under the law to establish a discrimination claim.

*Source and Authority:*     *Reeves v. Sanderson Plumbing Prods., Inc*., 120 S. Ct. 2097 (2000); *St. Mary's Honor Ctr. v. Hicks*, 113 S. Ct. 2742 (1993); *Price v. Marathon Cheese Corp*, 119 F.3d 330, 337 (5th Cir. 1997).

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

## <u>INSTRUCTION NO.</u>

## (STRAY COMMENTS)

**MEMBERS OF THE JURY:**

Verbal comments or statements made to or about Plaintiff are evidence of discrimination only if they meet the following:

1. They are related to the protected class of persons of which Plaintiff is a member;

2. They are close in time to the complained-of adverse employment decision;

3. They are made by an individual at Defendants with authority over the employment decision at issue; and

4. The comments are related to the employment decision at issue.

Comments that do not meet these requirements are considered "stray remarks," are insufficient to establish discrimination, and should not be considered by you as evidence of discrimination.

| | |
|---|---|
| ***Source and Authority:*** | *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 380 (5th Cir. 2010); *Waggoner v. City of Garland*, 987 F.2d 1160, 1166 (5th Cir. 1993) (statements that a younger person could do faster work and a reference to employee as an "old fart" were insufficient to establish age discrimination); *Hervey v. Mississippi Dept. of Educ.*, 2010 WL 5129726, at *6 (5th Cir. 2010) (comments were not related to the employment decision at issue nor was there evidence tending to show they were made proximate in time); *see also Auguster v. Vermilion Parish Sch. Bd.*, 249 F.3d 400, 405 (5th Cir. 2001) (holding that a comment made nearly a year before the adverse employment decision that appeared unrelated to the decision was a stray remark); *Patel v. Midland Mem'l Hosp. & Med. Ctr.*, 298 F.3d 333, 344 (5th Cir. 2002) (holding that a comment made two or more years before the employment decision at issue, that was unrelated to the decision, was not evidence of discrimination); *Wallace*, 271 F.3d 212, 222 (5th Cir. 2001) (stating that "where comments are vague and remote in time they are insufficient to establish discrimination"). |

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

## <u>INSTRUCTION NO.</u>

### (RACE/COLOR DISCRIMINATION – TITLE VII PAY CLAIM)

**MEMBERS OF THE JURY:**

Plaintiff claims that he would have had a higher job grade and compensation but for his race/color.  Defendants deny Plaintiff's claims and contend that it did not factor Plaintiff's race/color into any decision regarding Plaintiff's employment, including his job grade and compensation.

It is unlawful for an employer to discriminate against an employee in the terms and conditions of his employment because of the employee's race/color. An employer may, however, make decisions for any other reason, good or bad, fair or unfair.

An adverse employment action may include an ultimate employment decision, such as a change in compensation, or a change in the terms, conditions, or privileges of employment. To prove that there was an adverse employment action, Plaintiff must prove by a preponderance of the evidence that he was left in a worse position than when he started. However, the anti-discrimination statutes are not a general civility code; thus, the injury to Plaintiff must be more than a *de minimis* one.

To prove unlawful discrimination, Plaintiff must prove by a preponderance of the evidence that:

1.  He had a lower job grade and compensation than comparable White employees; and

2.  But for Plaintiff's race, he would have had a higher job grade and compensation.

Plaintiff does not have to prove that unlawful discrimination was the only reason Defendants gave him a lower job grade and compensation compared to comparable White employees, but it is his burden to show that the job grade and compensation disparity would not have happened in the absence of race/color discrimination.

If you find that the reason Defendants have given for Plaintiff's job grade and compensation is unworthy of belief, you may, but are not required to, infer that Defendants were motivated by Plaintiff's race/color.  Defendants can show that it is more likely than not that they would have made the same decision with respect to setting Plaintiff's job grade and compensation even if they had not considered Plaintiff's race.

***Source and Authority:***    Fifth Circuit Pattern Jury Instructions, § 11.1 (2020); *Hamilton v. Dallas Cnty.*, 79 F.4th 494 (5th Cir. 2023); *Harrison v. Brookhaven Sch. Dist.*, 82 F.4th 427 (5th Cir. 2023); *Morales-Vallellanes v. Potter*, 605 F.3d 27, 38 (1st Cir. 2010); *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 376 (4th Cir. 2004); *Threat v. City of Cleveland*, 6 F.4th 672, 678 (6th Cir. 2021).

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

## INSTRUCTION NO.

### (RACE DISCRIMINATION – SECTION 1981 PAY CLAIM)

**MEMBERS OF THE JURY:**

Plaintiff contends that Defendants have violated a federal civil rights statute, 42 U.S.C. § 1981 ("Section 1981") because of race discrimination. Section 1981 provides that all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. The phrase "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.   An at will employee stands in a contractual relationship with his employer.

**Source and Authority:**   42 U.S.C. § 1981(b); *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1050 (5th Cir. 1998).

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

**INSTRUCTION NO.**

**(RACE DISCRIMINATION – SECTION 1981 FAILURE TO PROMOTE)**

Plaintiff also contends that he was denied a promotion in 2021 because of his race. Defendants deny Plaintiff's claims and contend that Plaintiff's race did not factor into any decision regarding Plaintiff's employment, including the 2021 promotion decision, that Plaintiff did not experience an adverse action because of his race, and that all employment decisions, including the 2021 promotion decision, were for legitimate, non-discriminatory reasons that had nothing to do with Plaintiff's race.  An adverse employment action may include an ultimate employment decision, such as promotion or a change in the terms, conditions, or privileges of employment. To prove that there was an adverse employment action, Plaintiff must prove by a preponderance of the evidence that he was left in a worse position than when he started. However, the anti-discrimination statutes are not a general civility code; thus, the injury to Plaintiff must be more than a *de minimis* one.

It is unlawful for an employer to discriminate against an employee in the terms and conditions of his employment because of the employee's race. An employer may, however, make decisions, including a denial of promotion, for any other reason, good or bad, fair or unfair.  To prove unlawful race discrimination regarding a failure to promote, Plaintiff must prove by a preponderance of the evidence that: (1) Defendants refused to promote him and (2) Defendants would not have refused to promote hi in the absence of—in other words, but for—his race. Plaintiff's failure to apply for promotion is a legitimate, nondiscriminatory reason for Defendants' decision not to promote Plaintiff.  In addition, in order for you to find liability on Plaintiff's failure to promote claim, Plaintiff must prove that he was clearly better qualified for the 2021 JG4 position

than the person who ultimately received that position.  Plaintiff does not have to prove that

unlawful discrimination was the only reason he was refused a promotion.

| | |
|---|---|
| ***Source and Authority*:** | Fifth Circuit Pattern Jury Instructions, Civil (2020), at § 11.1. 27 (2020); *Autry v. Fort Bend Indep. Sch. Dist*., 704 F.3d 344, 347 (5th Cir. 2013) (In the failure to promote context, pretext can be shown when the unsuccessful employee was "clearly better qualified" than the successful candidate, not merely as qualified or better qualified.) |

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

## <u>QUESTION NO.</u>

Has Plaintiff proved that he received a lower job grade and compensation than comparable White employees because of his race?

Answer "Yes" or "No."

Yes      _____

No       _____


***Source and Authority:***     Fifth Circuit Pattern Jury Instructions, § 11.14 (2020).

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

## <u>QUESTION NO.</u>

Has Plaintiff proved that he was denied the JG4 promotion in 2021 because of his race?

Answer "Yes" or "No."

Yes    _____

No     _____

***Source and Authority:***    Fifth Circuit Pattern Jury Instructions, § 11.14 (2020).

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

**<u>INSTRUCTION NO.</u>**

**(DETERMINATION OF DAMAGES ONLY AFTER LIABILITY)**

**MEMBERS OF THE JURY:**

If Plaintiff has proved his claim against Defendants, you must determine the damages to which Plaintiff is entitled. You should not interpret the fact that I am giving instructions about damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether Defendants are liable to Plaintiff. I am instructing you on damages only so that you will have guidance in the event you decide that Defendants are liable and that Plaintiff is entitled to recover from Defendants.

***Source and Authority:***      Fifth Circuit Pattern Jury Instructions Civil, § 15.1 (2020).

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

**INSTRUCTION NO.**

**(ALLEGED DAMAGES)**

**MEMBERS OF THE JURY:**

If you found that Defendants discriminated against Plaintiff because of his race/color, then you must determine whether such conduct has caused Plaintiff damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff has proved liability.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

Plaintiff has a duty under the law to mitigate his damages, that is, to exercise reasonable diligence under the circumstances to minimize his damages. Defendants contend that Plaintiff has failed to mitigate his damages. A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his damages, that is, to avoid or to minimize those damages. If you find Defendants are liable and Plaintiff has suffered damages, Plaintiff may not recover for any item of damage that he could have avoided through reasonable effort. If you find that Defendants have proved by a preponderance of the evidence that Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages that he would have avoided had he taken advantage of the opportunity. You are the sole judge of whether Plaintiff acted reasonably in avoiding or minimizing his damages. An injured Plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to make unreasonable efforts or to incur unreasonable expenses in mitigating damages. Defendants have the burden of proving the

damages that Plaintiff could have mitigated. In deciding whether to reduce Plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the circumstances of the case, using sound discretion in deciding whether Defendants have satisfied their burden of proving that Plaintiff 's conduct was not reasonable. To succeed on this defense, Defendants must prove, by a preponderance of the evidence: (a) that there was substantially equivalent employment opportunities available; (b) Plaintiff failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff's damages were increased by his failure to take such reasonable actions. "Substantially equivalent employment" in this context means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job he held. Plaintiff does not have to accept a job that is dissimilar to the one he held, one that would be a demotion, or one that would be demeaning. The reasonableness of Plaintiff's diligence should be evaluated in light of his individual characteristics and the job market.

You should consider the following elements of actual damages, and no others: the amount of pay Plaintiff should have earned in his employment if he had not been assigned a lower job grade and compensation because of his race from [date to be inserted] to [October ___, 2024 – Plaintiff's resignation] minus what he earned during that time period, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses sustained by Plaintiff.

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future. You may award punitive damages if Plaintiff proves by a preponderance of the evidence that: (1) the individual who engaged in the discriminatory act or practice was acting in a managerial

capacity; (2) he or she engaged in the discriminatory act or practice while acting in the scope of his or her employment; and (3) he or she acted with malice or reckless indifference to each Plaintiff's federally protected right to be free from discrimination. If Plaintiff proves these facts, then you may award punitive damages, unless Defendants prove by a preponderance of the evidence that the conduct was contrary to its good-faith efforts to prevent discrimination in the workplace. In determining whether a person was a supervisor or manager for Defendants, you should consider the type of authority the person had over Plaintiff and the type of authority for employment decisions Defendants authorized the person to make. An action is in "reckless indifference" to Plaintiff's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Defendants engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages. In determining whether Defendants made good-faith efforts to prevent discrimination in the workplace, you may consider whether it adopted antidiscrimination policies, whether it educated its employees on the federal antidiscrimination laws, how it responded to Plaintiff's complaint of discrimination, if any, and how it responded to other complaints of discrimination.  If you find that Defendants acted with malice or reckless indifference to Plaintiff's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find Plaintiff is entitled to receive, you may, but are not required to, award Plaintiff an additional amount as punitive damages for the purposes of punishing Defendants for engaging in such wrongful conduct and deterring Defendants and others from engaging in such conduct in the future. Even if you find a particular agent of Defendants acted with malice or reckless indifference, Defendants, as an employer, may avoid punitive damages liability if they can show that they made good-faith efforts

to comply with Title VII and/or Section 1981. You should presume that Plaintiff has been made whole for his injuries by any actual damages you have awarded. If you decide to award punitive damages, you should consider the following in deciding the amount: (1) how reprehensible Defendants' conduct was. You may consider whether the harm Plaintiff suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Defendants' conduct that harmed Plaintiff also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed each Plaintiffs; (2) how much harm Defendants' wrongful conduct caused Plaintiff and could cause him in the future; (3) what amount of punitive damages, in addition to the other damages already awarded, is needed, considering Defendants' financial condition, to punish Defendants for their conduct toward Plaintiff and to deter Defendants and others from similar wrongful conduct in the future. The amount of any punitive damages award should bear a reasonable relationship to the harm caused Plaintiff. You may assess punitive damages against Defendants, or you may refuse to impose punitive damages. If punitive damages are imposed on more than one defendant, the amounts for each may be the same or they may be different.

Do not include as actual damages interest on any element of damages.

**Source and Authority:** Fifth Circuit Pattern Jury Instructions, Civil Cases, § 11.14 (2020); *EEOC v. Boh Bros. Constr. Co., L.L.C.*, 731 F.3d 444, 467 (5th Cir. 2013), citing *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 545-546, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999); *Lowe v. Southmark Corp.*, 998 F.2d 335, 337 (5th Cir. 1993); *Marks v. Prattco*, 633 F.2d 1122, 1125 (5th Cir. 1981); *50-Off Stores, Inc. v. Banques Paribas (Suisse), S.A.*, 180 F.3d 247, 258 (5th Cir. 1999); *Floca v. Homcare Health Servs., Inc.*, 845 F.2d 108 (5th Cir. 1988); *Ballard v. El Dorado Tire Co.*, 512 F.2d 901, 906 (5th Cir. 1975); *Ford Motor Co. v. EEOC*, 458 U.S. 219 (1982). *Sellers v. Delgado College*, 902 F.2d 1189, 1193 (5th Cir. 1990); Seventh Cir. Pattern Jury Instr. 7.23.

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

**IF YOU HAVE ANSWERED "YES" TO QUESTION _____, THEN ANSWER QUESTION _____. OTHERWISE, DO NOT ANSWER QUESTION _____.**

## QUESTION NO.

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff for the damages, if any, you have found Defendants caused him for race/color discrimination? Answer in dollars and cents for the following items and none other:

1. Wages and benefits from [date to be inserted] to [October ___, 2024 – date of Plaintiff's resignation].

   $_____

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

   $_____

3. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

   $_____

**Source and Authority:**    Fifth Circuit Pattern Jury Instructions, Civil Cases, § 11.14 (2020).

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

**IF YOU HAVE ANSWERED "YES" TO QUESTION \_\_\_\_, THEN ANSWER QUESTION _____. OTHERWISE, DO NOT ANSWER QUESTION _____.**

## QUESTION NO.

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff for the damages, if any, you have found Defendants caused him for failing to promote him in 2021? Answer in dollars and cents for the following items and none other:

1. Wages and benefits from [September 2021] to [October \_\_\_, 2024 – date of Plaintiff's resignation].

    $_____

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

    $_____

3. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

    $_____

**Source and Authority:**   Fifth Circuit Pattern Jury Instructions, Civil Cases, § 11.14 (2020).

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

**IF YOU HAVE ANSWERED "YES" TO QUESTION(S) _____, THEN ANSWER QUESTION _____. OTHERWISE, DO NOT ANSWER QUESTION _____.**

## QUESTION NO.

Do you find that Plaintiff should be awarded punitive damages against Defendants?

Answer "Yes" or "No."

Yes        _____

No         _____

**Source and Authority:**   Fifth Circuit Pattern Jury Instructions, Civil Cases, § 11.14 (2020).

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

**IF YOU HAVE ANSWERED "YES" TO QUESTION _____, THEN ANSWER QUESTION _____. OTHERWISE, DO NOT ANSWER QUESTION _____.**

## <u>QUESTION NO.</u>

What sum of money should be assessed against Defendant [name] as punitive damages?

Answer in dollars and cents:

$_____

**Source and Authority:**   Fifth Circuit Pattern Jury Instructions, Civil Cases, § 11.14 (2020).

Accepted:_____

Refused:_____

Modified:_____

To which rejection, Shell hereby objects.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,**
**  SMOAK & STEWART, P.C.**

*/s/ Marlene C. Williams*
Marlene C. Williams
SBOT #: 24001872
USDC Southern Texas #: 22824
scott.mclaughlin@ogletree.com
OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.
500 Dallas Street, Suite 2100
Houston, Texas 77002
Telephone: (713) 655-5679
Fax: (713) 655-0020

**ATTORNEY-IN-CHARGE FOR**
**DEFENDANTS**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing Defendants' Proposed Jury Charge has  been served on all counsel of record via ECF on February 10, 2025.

*/s/ Marlene C. Williams*
Marlene C. Williams