# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| Robert Dedmon, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:21-cv-03371 |
| | § | |
| | § | JUDGE CHARLES ESKRIDGE |
| vs. | § | |
| | § | Jury Demand |
| Shell Exploration & | § | |
| Production Company and | § | |
| Shell Trading Services | § | |
| Company, | § | |
| Defendants. | § | |

# ROBERT DEDMON'S OBJECTIONS
## CONCERNING DEFENDANTS' WITNESS LIST

1. **defense failure to identify the last known address and telephone number for each witness**

Robert Dedmon objects to Defendants' continued failure to identify the last known address and telephone number for each witness. *See* ECF Doc. 63 (all listed witnesses other than Dedmon). This failure violates both (1) the Court's *Initial Discovery Protocols for Employment Cases Alleging Adverse Action* and (2) the *Court's Procedures* for pretrial witness lists. This failure impedes Mr. Dedmon's ability to serve an *enforceable* trial subpoena to these defense witnesses to testify in his case in chief.

The Court's Procedures and instructions for witness lists require disclosure of *witness* addresses, *not defense firm* addresses. *Compare* Court's Procedures § 23 ("Use Form 14 to prepare a witness list. Each party must file a list of witnesses …. State for each witness: ◦ Full name, address, and identifying information; ….") *with* Form 14 (requiring disclosure of witness address). For each defense witness, Defendants provide only the address and main phone number for the Ogletree law firm defending this case. *See* ECF Doc. 63 (all listed witnesses other than Mr. Dedmon).

The Court's *Initial Discovery Protocols for Employment Cases Alleging Adverse Action* apply per standing order. *See* the Court's Form 6, p. 5. Those protocols require parties to identify an individual's last known address and

telephone number. *See* Form 6, p. 6 ("When referring to natural persons, to 'identify' means to give the person's: (i) full name; (ii) present or last known address and telephone number; …."). Defendants did not do so for any individual or witness at any point in this litigation. They list all defense witnesses "care of" the law firm defending this case. *See* ECF Doc. 63 (all listed witnesses other than Mr. Dedmon).

## 2.    objection to overly broad testimonial topic

Robert Dedmon objects to Defendants' stated testimonial topic of *other topics relating to the allegations in Plaintiff's First Amended Complaint*. *See* ECF Doc. 63 (listed witnesses 2-6). The stated testimonial topic is overly broad, does not provide fair notice for trial preparation for each witness, and violates the Court's Procedures Section 23. Alternatively, Mr. Dedmon requests that *all* witnesses get the same broad leeway on testimony topics.

## 3.    objection to unnamed, unidentified witnesses

Robert Dedmon objects to Defendants' designation of *any witness needed for foundation, impeachment*. *See* ECF Doc. 63 (listed witnesses at 8). Defendants do not name or otherwise identify any particular witness. *Id*. This does not provide fair notice for trial preparation for witness testimony and violates the Court's Procedures Section 23.

Mr. Dedmon notes that he did not similarly object to Defendants' designation of *any witness needed for … rebuttal* because (1) the parties agreed that rebuttal witnesses need not be disclosed on pretrial witness lists [ECF Doc. 10] and (2) the Court ruled that it would consider the parties' agreed proposed modification at docket call [ECF Doc. 11].

## 4.     objection to certain testimony topics on performance

Robert Dedmon objects to testimony about work performance on topics for which Shell did not produce the raw underlying performance data used for performance review. This includes, at a minimum, sales gross margin [other than what Dedmon produced], employee rankings, and performance summaries.

Date: February 28, 2025

Respectfully submitted,

*/s/ Amy Gibson*

Ms. Amy E. Gibson
Attorney-in-Charge
Texas State Bar No. 00793801
Southern District Bar No. 20147
amy@gwfirm.com

Mr. David L. Wiley
Of Counsel
Texas State Bar No. 24029901
Southern District Bar No. 34134
david@gwfirm.com

Gibson Wiley PLLC
1500 Jackson Street #109
Dallas, Texas 75201-4923
T: (214) 522-2121
F: (214) 522-2126

*and*

Ms. Amanda C. Hernandez
Of Counsel
Texas State Bar No. 24064411
Southern District Bar No. 1531045
amanda@ahfirm.com

AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
T: (713) 588-4359
F: (281) 572-5370

*Attorneys for Robert Dedmon*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on February 28, 2025, she filed *Robert Dedmon's Objections Concerning Defendants' Witness List* with the United States District Court for the Southern District of Texas through the CM/ECF system, such that the Shell Defendants should be served with a copy of the filed document as follows:

**VIA CM/ECF SYSTEM**
Ms. Marlene C. Williams
marlene.williams@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Dallas Street #2100
Houston, Texas 77002

*Attorneys for Shell Defendants*

*/s/ Amy Gibson*

Amy E. Gibson