IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT DEDMON, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | 4:21-CV-03371 |
| | § | |
| SHELL EXPLORATION & PRODUCTION COMPANY AND SHELL TRADING SERVICES COMPANY, | § § § | |
| | § | |
| *Defendants* | § | |

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S MOTIONS IN LIMINE

Defendants Shell Exploration & Production Company and Shell Trading Services Company ("Defendants" or "Shell"), in response to Plaintiff's Motion in Limine (Dkt. No. 55), state the following:

**Plaintiff's Motion in Limine No. 1: Denying Economic Damages.**

Plaintiff seeks to exclude all evidence challenging his recovery of economic damages on the basis that they have allegedly not received certain supplemental discovery related to compensation, including partial gaps in pay records for Dedmon and alleged comparators. Defendants have worked diligently throughout the case to supplement discovery and to date have produced pay records for Dedmon and alleged comparators for the years 2014 to 2024. Defendants are working to identify and supplement any gaps in records pertaining to Dedmon and alleged comparators, including for parts of 2024 when Dedmon resigned from Shell. However, it is

unreasonable for Plaintiff to argue that these discrete gaps have prevented him from assessing and calculating damages for the limited recovery period in this case.[1]

**Motion in Limine No. 2: Any contention that Black team member Raif Rucker was paid more than White team members.**

Defendants generally do not oppose this Motion because it contends that information related to Raif Rucker is not relevant to Plaintiff's claims in this case and should be completely excluded. Throughout this matter, Plaintiff has insisted that he was the only Black employee in his group and that he was singled out with lower pay than his White colleagues. Thus, information to Raif Rucker, whom Defendants contend did not work in Plaintiff's group, is immaterial and should be excluded from the case. However, in his Motion in Limine No. 2, Plaintiff attempts to limit Defendants' ability to contest their contentions regarding Rucker's compensation, in the event the Court allows that information into evidence. Accordingly, Defendants oppose this Motion because (1) to the extent Defendants have not provided information about Rucker, it is based on valid objections regarding the scope and substance of Plaintiff's request regarding Rucker and (2) in the event the Court resolves the discovery dispute regarding Rucker in Plaintiff's favor, Defendants should not be precluded from contesting Plaintiff's contentions regarding Rucker's compensation at trial.

**Motion in Limine No. 3: Pay audits and equity reports.**

Defendants generally do not oppose this Motion because there are no relevant pay audits or equity reports related to Plaintiff and/or the time period at issue in this case. However, Defendants object to this Motion to the extent it would limit their witnesses from testifying about the compensation process and/or compensation determinations related to Plaintiff.

---

[1] Just today, Plaintiff's counsel confirmed that they located some of the records that were previously produced but they thought were missing, including from 2014 and 2024.

*Defendants' Objections to Plaintiff's Motion in Limine*                                                        Page 2

**Motion in Limine No. 4: Discrimination Investigation Results.**

Defendants generally do not oppose this Motion because, with the exception of some email messages related to Sri Rangan's 2014 complaint and the related investigation, they have not been able to locate any investigation report(s) or other "result" documents potentially related to the 2014 investigation, due to the timeframe involved (i.e., 2014). However, Plaintiff's Motion is overly broad because it purports to exclude even witness testimony about their memory or recollection of the investigation. Defendants should not be precluded from this type of testimony, which Plaintiff could have obtained through other discovery but did not pursue.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.**

/s/ *Marlene C. Williams*
Marlene C. Williams
Federal Id. No.: 22824
Texas State Bar No.: 24001872500
500 Dallas St., Suite 3000
Houston, TX 77002
713-655-0855
713-655-0020 (Fax)
marlene.williams@gletree.com

**ATTORNEYS FOR DEFENDANT
SHELL OIL COMPANY**

## CERTIFICATE OF SERVICE

    I hereby certify that on February 28, 2025 a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will provide notification of this filing to all known attorneys of record.

    Amy E. Gibson Attorney-in-Charge
amy@gwfirm.com
David L. Wiley ofCounsel
david@gwfirm.com
Gibson Wiley PLLC
1500 Jackson Street #109
Dallas, Texas 75201-4923
T: (214) 522-2121
F: (214) 522-2126

    And

    Amanda C. Hernandez Of Counsel
amanda@ahfirm.com
AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
T: (713) 588-4359
F: (281) 572-5370

**ATTORNEYS FOR ROBERT DEDMON**

    /s/ Marlene C. Williams
    Marlene C. Williams