**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Robert Dedmon, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:21-cv-03371 |
| | § | |
| | § | JUDGE CHARLES ESKRIDGE |
| vs. | § | |
| | § | Jury Demand |
| Shell Exploration & | § | |
| Production Company and | § | |
| Shell Trading Services | § | |
| Company, | § | |
| Defendants. | § | |

**ROBERT DEDMON'S OBJECTIONS
CONCERNING DEFENDANTS' EXHIBIT LIST**

1.  **authenticity — no current objections**

One obvious point of the *Court's Procedures* Section 22 is to put other parties on notice of any objections to authenticity:

> This includes identification in writing to the offering party of exhibits requiring authentication. Telephonic depositions to authenticate exhibits will typically be allowed on an expedited basis with the potential for the shifting of costs when appropriate.

Based on information known to date, Robert Dedmon does not object to the authenticity of any exhibits on Defendants' current exhibit list. But, obviously, agreement to authenticity does not mean agreement to accuracy on the facts within those exhibits.

2.  **objections beyond authenticity — request for approval of parties' proposed modification**

The parties jointly proposed the following modification to objections to pretrial exhibits [ECF Doc. 10, p. 9]:

| modifies LR46 | The parties shall confer on admissibility of exhibits to be offered at trial and designate those that may be preadmitted, including those that may be preadmitted for a limited purpose. |
| --- | --- |
| The parties believe pretrial assert-it-or-lose-it objections to trial exhibits forces assertion of numerous possible objections that are not ultimately urged at trial. Additionally, whether to object to admissibility of a document is usually a decision that is better made in the context of what is happening at the time during trial. | The parties may, but are not required to, object to admissibility of exhibits before trial. |

The Court ruled that it would entertain these proposed modifications at the pretrial conference [ECF Doc. 11]:

- Rebuttal witnesses and other pretrial issues will be considered at docket call, if necessary; and

Robert Dedmon requests approval of the proposed modification for the reasons stated. Specifically, he believes objections beyond notice of authenticity challenges are better assessed in the context of trial — what evidence is developed, the foundation other than authenticity, the purpose of the offer, whether the defense addresses multiple hearsay within a document. For example, he does not have an issue with *defense* offers of *defense* statements for what they are — *i.e.*, this is what we said. But Mr. Dedmon may or may not agree that

the statements are admissible for the truth of the matter, in whole or in part. If the Court does not approve the jointly requested modification, Mr. Dedmon requests a reasonable time to assert any possible objections.

Date: February 28, 2025

Respectfully submitted,

*/s/ Amy Gibson*

Ms. Amy E. Gibson
Attorney-in-Charge
Texas State Bar No. 00793801
Southern District Bar No. 20147
amy@gwfirm.com

Mr. David L. Wiley
Of Counsel
Texas State Bar No. 24029901
Southern District Bar No. 34134
david@gwfirm.com

Gibson Wiley PLLC
1500 Jackson Street #109
Dallas, Texas 75201-4923
T: (214) 522-2121
F: (214) 522-2126

*and*

Ms. Amanda C. Hernandez
Of Counsel
Texas State Bar No. 24064411
Southern District Bar No. 1531045
amanda@ahfirm.com

AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
T: (713) 588-4359
F: (281) 572-5370

*Attorneys for Robert Dedmon*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on February 28, 2025, she filed *Robert Dedmon's Objections Concerning Defendants' Exhibit List* with the United States District Court for the Southern District of Texas through the CM/ECF system, such that the Shell Defendants should be served with a copy of the filed document as follows:

**VIA CM/ECF SYSTEM**
Ms. Marlene C. Williams
marlene.williams@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Dallas Street #2100
Houston, Texas 77002

*Attorneys for Shell Defendants*

*/s/ Amy Gibson*

Amy E. Gibson