UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Robert Dedmon, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 4:21-cv-03371 |
| | § | |
| vs. | § | Jury Demand |
| | § | |
| Shell Exploration & Production Company and Shell Trading Services Company, | § § § | |
| | § | |
| *Defendants*. | § | |

**FOURTH JOINT STATUS REPORT ON REMAINING DISPUTES ON DISCOVERY**

On April 22, 2025, the Court ordered the parties to "submit a joint status report as to any remaining disputes on discovery by Friday, May 2, 2025" (the "Order"). ECF No. 75. The parties submitted a joint status report pursuant to that Order on May 2, 2025. For the reasons stated in that and later reports, the parties agreed to submit additional joint status reports, including this fourth joint status report on June 17, 2025.

This joint status report separates the parties' respective positions due to disputes. The attorney signatures on this document only concern the position of their respective client(s), which are separated in this joint report. Exhibits attached to this joint report are from Plaintiff Robert Dedmon.

## Dedmon Report

**Primary problem.** The primary problem, but not the sole problem, is unfulfilled promises from Shell. This has become, from the perspective of undersigned counsel, an okey-doke and excuse-after-excuse delay tactic. This report focuses on what has happened since the pretrial hearing on April 22.

It is now about 56 or so days since the April 22 pretrial hearing, and Shell still has not provided any, or sometimes materially incomplete, basic payroll and other easily accessible information it agreed to provide. This includes, among other things, materially incomplete pay data for the only other black member of the inside sales team on which Dedmon worked. For starters. And Shell has not responded at all, though it promised to do so, to some of the outstanding discovery issues outlined in short letters sent to it in April.

Initial discovery letters are attached as Exhibit 1. A timeline sufficient to show unfulfilled promises and blown deadlines on the part of Shell is attached as Exhibit 2. Dedmon is willing to provide more documentation if the Court so desires.

Requested relief. Dedmon requests:

(1) an order compelling Shell to provide Dedmon, on or before June 24, 2025 or such other date as the Court deems appropriate, the discovery Shell has agreed to provide. *See, e.g.,* Exh. 2, at May 13 email;

(2) an order compelling Shell to provide Dedmon, on or before June 27, 2025 or such other date as the Court deems appropriate, a final written position on issues in the Exhibit 1 letters to which it has not responded;

(3) an order requiring the parties to file, on or before July 2, 2025 or such other date as the Court deems appropriate, an additional joint status report on outstanding discovery disputes, if any.

Shell has at least twice blown its own agreed and filed deadlines per prior joint status reports and without any prior notice to opposing counsel. *See id.* at 31 days after pretrial through 53 days after pretrial. Shell has not responded to certain discovery issues outlined in the April 2025 letters to it, though it promised to do so. *See, e.g., id.* at 10 days after pretrial. As to the production that has happened, it amounts

to minimal effort that seems designed to appease the Court that something was done. *Id.*

The Shell report below does not get to the truth of what has happened. Again, Exhibit 1 includes the discovery letters sent after the pretrial hearing. Attached as Exhibit 2 is a timeline supporting the loss of patience with defense counsel on promised discovery.

The claim that "Shell has otherwise responded to Plaintiff multiple times regarding Shell's position on his other discovery requests, including where Shell maintains its objections to certain requests" is wrong. Shell agreed to reconsider things like general objections, rote objections, and other objections that the Court's Procedures expressly discourage. But Dedmon let a lot of that go and instead focused on trial issues. And as shown in the attached documents, Shell is not even keeping its promises since the pretrial hearing.

## Shell Report

Shell has produced and/or supplemented with additional job grade classification, compensation and performance information for the following individuals (although Shell maintains that not all of them are proper comparators in this case), including most recently on June 13, 2025:

Robert Dedmon (Plaintiff)
Michael Deley
Patrick Frnka
Jennifer Hartnett
Douglas Hund
Ryan Kolkmann
Logan Luzzi
Sri Rangan
Patricia Smith
Susan Smith
Michael Tickle
Jim Barker
Jim Promubol
Meredith Lily
Raif Rucker

 Based on Shell's review, information and/or supplemental/missing compensation and performance information is due regarding the following individuals identified by Plaintiff (although Shell maintains that not all of them are proper comparators in this case): Jim Promubol, Meredith Lily, Raif Rucker, Justin Mody, Thomas Jones, Logan Luzzi, Ken Ueng, and Jim Barker. Shell is finalizing its collection of this additional information and will produce the information on or before June 27, 2025 in the event the parties do not resolve this case before that date. Shell has otherwise responded to Plaintiff multiple times regarding Shell's position on his other discovery requests, including where Shell maintains its objections to certain requests.

Respectfully submitted,

| | |
|---|---|
| */s/ Amy Gibson as to Dedmon portion* | */s/ Marlene Williams by A. Gibson at direction of M. Williams only as to Shell portion* |

Ms. Amy E. Gibson
Attorney-in-Charge
Texas State Bar No. 00793801
Southern District Bar No. 20147
amy@gwfirm.com

Mr. David L. Wiley
Of Counsel
Texas State Bar No. 24029901
Southern District Bar No. 34134
david@gwfirm.com

Gibson Wiley PLLC
1500 Jackson Street #109
Dallas, Texas 75201-4923
T: (214) 522-2121
F: (214) 522-2126

    and

Ms. Amanda C. Hernandez
Of Counsel
Texas State Bar No. 24064411
Southern District Bar No. 1531045
amanda@ahfirm.com

AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
T: (713) 588-4359
F: (281) 572-5370

*Attorneys for Robert Dedmon*

Ms. Marlene C. Williams
Attorney-in-Charge
Texas State Bar No. 24001872500
Federal ID No.: 22824
marlene.williams@ogletree.com

Ogletree, Deakins, Nash, Smoak
& Stewart, P.C.
500 Dallas Street #3000
Houston, Texas 77002
T: 713-655-0855
F: 713-655-0020

*Attorneys for Defendants*

**CERTIFICATE OF COMPLIANCE**

The following is based on the word-count tool in the most current version of Microsoft® Word for Mac. The undersigned certifies that the foregoing *joint status report* contains 1148 words, *including* the case caption, any table of contents, any table of authorities, the signature block, and all certificates.

*/s/ Amy Gibson*

Amy E. Gibson

### CERTIFICATE OF SERVICE

The undersigned certifies that, on June 17, 2025, she filed the foregoing *joint status report* with the United States District Court for the Southern District of Texas through the CM/ECF system, such that the Shell Defendants should be served with a copy of the filed document as follows:

**VIA CM/ECF SYSTEM**
Ms. Marlene C. Williams
marlene.williams@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Dallas Street #3000
Houston, Texas 77002

*Attorneys for Shell Defendants*

*/s/ Amy Gibson*

Amy E. Gibson