UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Robert Dedmon, | § | CIVIL ACTION NO. 4:21-cv-03371 |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| Shell Exploration & Production Company and Shell Trading Services Company, | § | |
| | § | JURY DEMANDED |
| *Defendants*. | § | |

**PLAINTIFF ROBERT DEDMON'S MOTION TO REINSTATE CLAIMS AND ENFORCE SETTLEMENT AGREEMENT & ALTERNATIVE MOTION TO REINSTATE CLAIMS AND PLACE CASE BACK ON JURY TRIAL DOCKET**

Plaintiff Robert Dedmon — through undersigned counsel — respectfully requests that the Court (1) reinstate his claims and enforce the settlement agreement reached on July 2, 2025, or (2) in the alternative, reinstate his claims and place this case back on the Court's jury trial docket.

## NATURE AND STAGE OF PROCEEDING

This is an unlawful employment practices case. It involves claims for systemic unlawful race and color discrimination under (1) Title VII of the Civil Rights Act of 1964 ("Title VII") and (2) 42 U.S.C. § 1981 ("Section 1981").

On July 2, 2025, the parties settled this case. Exhibit 1 (settlement agreement). The same day, the mediator formally notified the Court of settlement. ECF Doc. 82.

On July 16, 2025, the Court dismissed all claims with prejudice due to settlement, subject to a motion to reinstate. ECF Doc. 83. On the latter, the Court ordered: "Plaintiff may move within sixty days to reinstate the claims against Defendants if approval of documentation or condition precedent fails." *Id.*

The Court granted two unopposed and timely motions to extend the deadline to move to reinstate claims against Defendants. ECF Docs. 85 & 87. The Court has pending before it another unopposed and timely motion to extend, through November 28, 2025, the deadline to move to reinstate claims against Defendants. ECF Doc. 88. Mr. Dedmon continues to request that the Court grant that unopposed motion.

After the July 2, 2025 settlement, the parties communicated about whether and to what extent any possible additional settlement terms — *i.e.*, add-ons — would be

agreed. No agreement has been reached on possible add-ons to the existing settlement agreement. Defendants have not paid the settlement amount. Almost 5 months have passed since settlement was reached.

Mr. Dedmon now seeks an order reinstating his claims against Defendants and enforcing the July 2, 2025 settlement agreement. Alternatively, Mr. Dedmon seeks an order reinstating his claims against Defendants and placing the case back on the jury trial docket.

## RELEVANT FACTS

On July 2, 2025, the parties settled this case. Exhibit 1 (settlement agreement). The settlement agreement is simple: payment of $400,000 to settle the case. Period. *Id*. Mr. Dedmon's acceptance of the settlement offer was communicated directly to the mediator and directly to lead defense counsel, as shown on the next pages:

**Subject:** FW: Dedmon Case
**Date:** Wednesday, July 2, 2025 at 9:52:15 AM Central Daylight Time
**From:** Amy Gibson <amy@gwfirm.com>
**To:** Marlene C. Williams <marlene.williams@ogletree.com>, Portela, Gloria <gportela@seyfarth.com>
**CC:** David Wiley <david@gwfirm.com>, Amanda Hernandez <amanda@ahfirm.com>
**Attachments:** image001.jpg

Marlene,

See the email thread below. Robert accepted $400,000 to resolve this case.

Amy Gibson
Gibson Wiley PLLC
T: (214) 522-2121
F: (214) 522-2126
M: (214) 417-9233
E: amy@gwfirm.com

**From:** Amy Gibson <amy@gwfirm.com>
**Date:** Wednesday, July 2, 2025 at 9:46 AM
**To:** Portela, Gloria <GPortela@seyfarth.com>, David Wiley <david@gwfirm.com>, Amanda Hernandez <amanda@ahfirm.com>
**Subject:** Re: Dedmon Case

Gloria,

Robert accepts the offer of $400,000 to settle this case.



Amy Gibson
Gibson Wiley PLLC
T: (214) 522-2121
F: (214) 522-2126
M: (214) 417-9233
E: amy@gwfirm.com



**From:** Portela, Gloria <GPortela@seyfarth.com>
**Date:** Friday, June 27, 2025 at 12:03 PM
**To:** David Wiley <david@gwfirm.com>, Amy Gibson <amy@gwfirm.com>, Amanda Hernandez <amanda@ahfirm.com>
**Subject:** Dedmon Case

Counsel, Shell has asked me to relay an offer of $400,000 to settle this case.

Please consult with your client and let me know his response.

Thanks for your continuing efforts, Gloria

**Gloria M. Portela** | Senior Counsel | Seyfarth Shaw LLP
700 Milam St. | Suite #1400 | Houston, Texas 77002-2812
Direct: +1-713-225-2341 | Fax: +1-713-821-0654
GPortela@seyfarth.com | www.seyfarth.com

Seyfarth

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

2 of 3

*Id.*[1]

The same day, lead defense counsel acknowledged receipt of the email accepting the settlement offer. Exhibit 2. The same day, the mediator filed a second supplemental mediation report stating: "I am happy to report the parties have settled this case." ECF Doc. 82.

After the July 2, 2025 settlement, the parties communicated about whether and to what extent any possible additional settlement terms — *i.e.*, add-ons — would be agreed. To date, no agreement has been reached on possible add-ons to the existing

[1] Page 3 of the email string printed to .pdf is blank. *Id.* And that is accurate.

settlement agreement. Defendants have not paid the settlement amount. Almost 5 months have passed since settlement was reached.

## ISSUE & STANDARD OF REVIEW[2]

> "[A] district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties."
>
> *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994)

At issue is whether to enforce the parties' July 2, 2025 settlement agreement.

A district court "may summarily enforce a settlement agreement if no material facts are in dispute." *In re Deepwater Horizon*, 786 F.3d 344, 354 (5th Cir. 2015). A district court's decision to enforce a settlement agreement is reviewed for abuse of discretion. *Bell*, 36 F.3d at 450 ("Under the facts of our case we do not believe that the court abused its discretion in … enforcing the settlement agreement."); *Deville v. United States,* 202 F. App'x 761, 762 (5th Cir. 2006) (unpublished) ("The ultimate decision to grant a motion to enforce a settlement agreement is reviewed for abuse of discretion.").

---

[2] Unless otherwise noted, Mr. Dedmon's attorneys have (1) supplied all emphases, (2) omitted from quoted passages in legal authority all internal quotation marks, internal citations, and internal footnotes, and (3) omitted from citations to legal authority all citing and quoting references.

If material facts are in dispute challenging validity of the settlement agreement itself, the trial court must conduct an evidentiary hearing. *In re Deepwater Horizon*, 786 F.3d at 354. The district court's factual determinations concerning enforcement of a settlement agreement are reviewed for clear error. *Deville,* 202 F. App'x at 762 ("... the district court's decision that [the] settlement was enforceable involved factual determinations; these determinations are reviewed for clear error.").

## ARGUMENT & AUTHORITY

> "Federal Courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced."
>
> *White Farm Equip. Co. v. Kupcho*, 792 F.2d 526, 530 (5th Cir. 1986)

If the Court grants the pending unopposed motion to extend the deadline to move to reinstate [ECF Doc. 88], this Court has jurisdiction to reinstate the claims *and* enforce the settlement agreement. *Charley v. Shell Oil Co*., C.A. No. 94-4436, 1996 WL 182209, at *2 (S.D. Tex. Feb. 8, 1996) (Hittner, J.) ("However, in this case, the Court entered an order of dismissal that permitted reinstatement within 90 days if the parties were unable to finalize the settlement. Shell's motion to enforce the [settlement] agreement was filed within that period and can be construed as a motion to

reinstate based on the failure to culminate the settlement. [] Accordingly, consideration of this motion [to enforce the settlement agreement] is permitted.”).

“A district court may exercise its discretion to enforce a settlement agreement where one party to a suit has initially agreed to a settlement but later refused to execute a formal agreement reciting the terms of the settlement.” *Weaver v. World Fin. Corp. of Tex.*, Civil Action No. 3:09-CV-1124-G, 2010 WL 1904561, at *2 (N.D. Tex. May 12, 2010).

Because this case concerns federal question jurisdiction under Title VII and Section 1981, federal contract law governs. *See Cavalier v. Jill L. Craft Atty. at Law L.L.C.,* No. 23-30778, 2024 WL 2846059, at *3 (5th Cir. June 5, 2024) (per curiam). But “federal contract law is largely indistinguishable from general contract principles under state common law,” so federal courts may “rely not only on federal cases, but also on treatises and state contract law cases” in their analysis. *In re Deepwater Horizon*, 786 F.3d at 354.

A settlement is a valid and enforceable agreement when there is an offer, acceptance, and mutual consideration over essential terms. *See In re Deepwater Horizon*, 786 F.3d at 355-60. “Acceptance is possible through any manifestation of assent

that occurs in any reasonable manner." *Chen v. Highland Cap. Mgmt., L.P.*, No. 3:10-CV-1039-D, 2012 WL 5935602, at *2 (N.D. Tex. Nov. 27, 2012).

"A meeting of the minds on all essential terms of a settlement agreement is generally present where the parties have agreed upon the monetary amount of the settlement payment and the fact that plaintiffs will release specific claims." *Lee v. Gulf Coast Blood Ctr.,* Civil Action No. H-19-4315, 2020 WL 4700896, at *3 (S.D. Tex. Aug. 13, 2020) (citation omitted). An offer and acceptance "is judged by the parties' overt acts and words, not by the subjective or secret intent of the [parties]." *Cavalier*, 2024 WL 2846059, at * 3 (bracketed text in original).

Here, there is no dispute that the parties entered the written settlement agreement reflected in Exhibit 1. *See* Exhibits 1-2 & Declaration below. But if the Court decides that any factual dispute exists, Mr. Dedmon requests an evidentiary hearing. In the alterative, if for any reason the Court ultimately concludes that there is no settlement agreement, Mr. Dedmon seeks an order reinstating the case and placing it back on the Court's jury trial docket.

## DECLARATION

My name is Amy Gibson. I am lead counsel for Robert Dedmon in this case. Through my signature below executed November 28, 2025 [the signature submitting

this motion to the Court], I declare under penalty of perjury within the meaning of 28 U.S.C. § 1746 that the following in this paragraph and the next paragraph is true and correct. Exhibit 1 to this motion is an authentic copy of an email string that (1) personally involved me with the email address amy@gwfirm.com and (2) accurately reflects the settlement reached in this case — with the July 2, 2025 acceptance of the June 27, 2025 settlement offer reflected in that email string. Neither Defendants, nor anyone representing or claiming to represent Defendants, ever revoked or modified the June 27, 2025 settlement offer before I accepted that settlement offer on behalf of Mr. Dedmon on July 2, 2025. That settlement agreement was not, and is not, contingent upon, or subject to, anything else. That settlement agreement was, and is, simply payment of $400,000 to resolve this case. The parties have discussed possible add-ons to the existing settlement agreement, but no agreement has been reached on add-ons, and the original agreement remains in place. Defendants have not sent or signed any paperwork that simply tracks the parties' settlement agreement without material requested add-ons that were never bargained, agreed, or paid for. Defendants have not paid the agreed settlement amount.

Exhibit 2 to this motion is an authentic copy of an email from lead defense counsel that acknowledges receipt of acceptance of the settlement offer, with the same email string reflecting the settlement agreement already addressed in this declaration.

## RELIEF REQUESTED

Mr. Dedmon respectfully requests that the Court (1) reinstate his claims and enforce the settlement agreement reached on July 2, 2025, or (2) in the alternative, reinstate his claims and place this case back on the Court's jury trial docket.

Respectfully submitted,

*/s/ Amy Gibson*

Ms. Amy E. Gibson
Attorney-in-Charge
Texas State Bar No. 00793801
Southern District Bar No. 20147
amy@gwfirm.com

Mr. David L. Wiley
Of Counsel
Texas State Bar No. 24029901
Southern District Bar No. 34134
david@gwfirm.com

Gibson Wiley PLLC
1500 Jackson Street #109
Dallas, Texas 75201-4923
T: (214) 522-2121
F: (214) 522-2126

*and*

Ms. Amanda C. Hernandez
Of Counsel
Texas State Bar No. 24064411
Southern District Bar No. 1531045
amanda@ahfirm.com

AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
T: (713) 588-4359
F: (281) 572-5370

*Attorneys for Robert Dedmon*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that, on November 24, 2025, she emailed lead defense counsel Marlene Williams about whether the Shell Defendants opposed a motion to enforce the written settlement agreement, specifying the substance of the July 2, 2025 agreement. On November 25, 2025, undersigned emailed with a technical correction on conference: "This would be a motion to reinstate, motion to enforce settlement, and alternative motion to place the case back on the trial docket." Although Ms. Williams emailed undersigned on November 26, 2025, Ms. Williams did not respond in any manner about this motion or whether any relief was unopposed. Because the extended deadline to reinstate would be November 28, 2025 if the Court grants the pending motion on same, this motion is presented to the Court for consideration.

*/s/ Amy Gibson*

Amy E. Gibson

## CERTIFICATE OF COMPLIANCE

The following is based on the word-count tool in the most current version of Microsoft® Word for Mac. The undersigned certifies that the foregoing *notice* contains 2042 words, *including* the case caption, any table of contents, any table of authorities, the signature block, and all certificates.

*/s/ Amy Gibson*

Amy E. Gibson

## CERTIFICATE OF SERVICE

The undersigned certifies that, on November 28, 2025, she filed the foregoing *motion* with the United States District Court for the Southern District of Texas through the CM/ECF system, such that the Shell Defendants should be served with a copy of the filed document as follows:

**VIA CM/ECF SYSTEM**
Ms. Marlene C. Williams
marlene.williams@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Dallas Street #3000
Houston, Texas 77002

*Attorneys for Shell Defendants*

*/s/ Amy Gibson*

Amy E. Gibson