UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT DEDMON, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:21-cv-03371 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| SHELL EXPLORATION & | § | |
| PRODUCTION CO and | § | |
| SHELL TRADING | § | |
| SERVICES CO, | § | |
| Defendants. | § | |

## MINUTE ENTRY

Minute entry for STATUS CONFERENCE before Judge Charles Eskridge on December 15, 2025. All parties present by video and represented by counsel.

The Court addressed the motion by Plaintiff Robert Dedmon to reinstate claims, along with the recently filed response by the Shell Defendants. See Dkts 89 (motion) & 91 (response).

The motion by Plaintiff Robert Dedmon to reinstate claims and all attachments thereto were ordered to be SEALED. Dkt 89. It was noted that it was highly inappropriate of Plaintiff to include, without consent by or agreement of the Shell Defendants, discussions about the settlement amount and confidential communications with the mediator. See Dkt 91 at 8.

Upon reconsideration, the prior order granting such motion was RESCINDED. Dkt 90. Good cause was shown to order alternate relief instead. See Dkt 91 at 2–8.

The motion by Plaintiff for extension of time to reinstate claims was GRANTED *nunc pro tunc*. Dkt 88.

The motion by Plaintiff to reinstate claims was DENIED AS MOOT. Dkt 89.

The Court addressed settlement status and the finalization of any necessary documentation—without determination that any further documentation is, in fact, needed to enforce the parties' settlement and/or dispose of this action.

Based on the present record, it was DETERMINED that Plaintiff's position lacked credibility, while also lacking sufficient foundation to enforce the attachments as the written settlement agreement. See Dkts 89-1 & 89-2.

Based on the present record, it was also DETERMINED that the Shell Defendants were not at fault for any failure of approval of documentation or condition precedent.

The deadline on which to request reinstatement of claims was EXTENDED until January 15, 2026.

The parties were ADVISED to confer reasonably and in good faith.

Plaintiff was ADMONISHED that (i) no further extension will be granted, and (ii) he is at risk of the prior order, which dismissed this action with prejudice, being the final judgment in this action.

For the avoidance of doubt, all claims by Plaintiff against Defendants in this action have already been DISMISSED WITH PREJUDICE. See Dkt 83.

SO ORDERED.

Signed on December 15, 2025, at Houston, Texas.

*CREskridge*

Honorable Charles Eskridge
United States District Judge